# Sebastian *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Negligence—Master and servant—Driver in coal mine—Evidence.*

1. In an action against a coal mine owner to recover damages for injuries to an employee engaged in driving cars in the mine, the question of the defendant's negligence is for the jury, where the evidence was that the plaintiff was injured while unloading timber from the end of a car, by the falling of the door or gate of the car upon him; that it was customary to use an iron bar to hold up the gate when the car was being unloaded; that at the time of the accident a wet wedge instead of a bar was used to hold the gate in place; and that according to the explicit testimony of several witnesses no bar of any kind had been provided by the defendant for use on this particular occasion.

2. In such a case it is not error to permit evidence to be introduced as to the wet condition of the mine on the day of the accident, where it was introduced not for the purpose of showing a distinct negligence or in aggravation, but simply to show insufficiency of the method which was adopted in the absence of the iron bar.

*Negligence—Damages—Present worth rule—Pain and suffering.*

3. In negligence cases involving personal injuries, the present worth rule does not apply in awarding compensation for pain, suffering and inconvenience.

Argued Oct. 2, 1918. Appeals, Nos. 45 and 46, Jan. T., 1919, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1915, No. 486½, on verdict for plaintiff in case of Jacob Sebastian in his own right and

Jacob Sebastian as father and next friend of Peter Sebastian, a minor, v. Philadelphia & Reading Coal & Iron Company. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy seventeen years old. Before MOSER, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court charged in part as follows:

["Now, we say to you as a matter of law, that if a door-bar was furnished and if they had a door-bar in the gangway at that time, it was the duty of these men to use it, and if they failed in that duty and the accident or injury to this young man resulted from that failure, then the accident is the result of their negligence and there can be no recovery in this action. If this defendant company furnished a door-bar for these men and they had it at that time, and if it was there at the time of the accident, there can be no recovery."]  (2)

["Well, as to pain and suffering and inconvenience, this young man is entitled to compensation for pain and suffering and inconvenience that he has endured or that he might endure by reason of the injury in the future. I think I did say that, and as to this element of pain and suffering the present worth of future payments rule does not apply."]  (3)

Verdict and judgment for Jacob Sebastian for $875 in his own right, and for Jacob Sebastian in right of his son for $6,425.

*Errors assigned* were (1) in refusing binding instructions for defendant, (2, 3) above instructions, and (4) admission of evidence as to the wet condition of the mine, quoting them.

*Voris Auten,* for appellant, cited: Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409; Anspach v. Philadelphia & Reading Ry. Co., 225 Pa. 528.

*J. Fred Schaffer,* with him *J. A. Welsh,* for appellees, cited: Eardley v. Keeling & Ridge, 10 Pa. Superior Ct. 339; Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 135.

OPINION BY MR. JUSTICE STEWART, January 4, 1919:

The action was brought by Jacob Sebastian as father and next friend of Peter Sebastian, a minor, as well in his own right. Peter Sebastian who sustained the personal injuries complained of was at the time of the accident about seventeen years of age, and was employed at a colliery owned and operated by the defendant company. His employment was that of a driver, his duty being to take empty cars or wagons from the turnout within the mine to the face of the gangway and return the cars when reloaded to the turnout. He had been so employed some two or three months, during which time, on five or six occasions, he had been required to haul into the mine wagons or cars loaded with such timber as is used in mines. It was on one such occasion, when unloading the timber, that he received the injury. The timber while on the wagon is secured in place by a door or gate at the end; when it is to be unloaded this door or gate, attached by hinges to the upper part of the wagon is lifted so as to admit of the timber being drawn from the wagon piece by piece by means of a mule hitched by chain thereto. To keep the gate in its elevated position while this is being done, so as not to interfere with the unloading, an iron bar is used to protect those working thereabouts from injury by accidental falling of the gate if insecurely fastened. On this occasion when plaintiff was injured no bar was used, but in its stead a wet wedge was used to hold the gate in place, and while plaintiff was attempting to attach to a timber for the purpose of pulling it out, the gate of the wagon fell down and struck him in the back, inflicting serious injury.

The negligence charged was failure to furnish the employee with the customary bar or other sufficient appliance to support the end gate when raised. That the

plaintiff was in his proper place and properly employed when the accident happened is not questioned; nor is it alleged that by negligence on his part he contributed to the result. The question submitted to the jury was the alleged negligence of the plaintiff in connection with the occurrence. A verdict was returned for the father in his own right for $875, and as father and next of kin for $6,425. The appeal is from the judgment so entered. The error first alleged is the refusal of the court to affirm the defendant's first point submitted, namely, that under all the evidence of the case the verdict must be for the defendant; the second complains of error in the following portion of the charge: "Now, we say to you as a matter of law, that if a door-bar was furnished and if they had a door-bar in the gangway at that time, it was the duty of these men to use it, and if they failed in their duty and the accident or injury to this young man resulted from that failure, then the accident is the result of their negligence and there can be no recovery in this action. If this defendant company furnished a door-bar for these men and they had it at that time, and if it was there at the time of the accident, there can be no recovery." These two assignments do not call for separate discussion; they involve the one and same question. In appellant's brief it is stated "That the only material question is whether or not the defendant company had supplied the miners working in the gangway where the injury occurred with an iron bar, known as a door-bar, with which to keep the door of the mine car in position when hoisted for the purpose of taking the mine timber therefrom." Limiting the inquiry to this one question of fact, an examination of the testimony makes it very apparent that the question was an open one. The plaintiff and several of his witnesses testified explicitly that no bar of any kind had been provided by the defendant for use on this particular occasion. This was in itself sufficient to carry the case to the jury whose duty it was to pass on the credibility of the witnesses and the weight to be allowed

their evidence.   No complaint is made as to the manner of the submission to the jury.   The third assignment complains of the instruction that the present worth rule does not apply in awarding compensation for pain, suffering and inconvenience.   A like instruction was given in the case of Ford against the same defendant as here, in which the opinion has just been handed down, and it was there assigned for error.   We held it not to be error for the reasons there stated.   The fourth assignment is without merit; it complains of the introduction of evidence with respect to the damp and wet condition of the mine on the day of the accident.   This evidence was introduced not for the purpose of showing a distinct negligence or in aggravation, but simply to show insufficiency of the method which was adopted for the want of a proper appliance to hold the gate in the absence of the bar which it was contended is the usual and customary method employed.   The assignments of error are overruled and the judgment is affirmed.   It follows that like disposition must be made of the appeal in the case of the father and next friend of Peter Sebastian, a minor, to No. 46, January T., 1919, and it is accordingly ordered that the assignments of error therein are overruled and the judgment is affirmed.