10770.  SEABOARD AIR-LINE RAILWAY COMPANY *v.* VANDIVER.

STEPHENS, J.  1.  Where one seeks to recover damages for personal
injuries alleged to have been caused by negligence of the defendant,
and sues for past, present, and future pain and suffering, and past,
present, and future lost earning capacity, and where the judge charges
the jury that the plaintiff may recover for future pain and suffering
and future loss of earnings in the event the injuries are permanent,
and charges them that such damages cannot be recovered in the event
the injuries are not permanent, an exception that the judge failed

to charge "any rule for determining damages in the event that they found the plaintiff's injuries not to be of a permanent character" is without merit.

2. There being no fixed rule for estimating the amount of damages for permanent injuries to the person, there was no error upon the part of the trial judge, after charging the jury that the "age of the plaintiff, the health he enjoyed, the money he was making," etc., might be considered in reducing the amount of future earnings to a present cash value, to fail to instruct the jury that they should take into consideration the plaintiff's expectancy in life or the average yearly amount in which his earnings had been diminished, if diminished at all, by the injuries complained of. *Richmond v. Danville R. Co., v. Allison*, 86 *Ga.* 145 (12 S. E. 352, 11 L. R. A. 43).

3. It was not error to fail to instruct the jury that they should reduce to a cash value the gross amount found for all the items of damage proved, including past pain and suffering and past·earnings, as well as future pain and suffering and future earnings.

4. The defendant cannot complain of a charge which instructs the jury that they should reduce to its present cash value the amount of damages found for future pain and suffering and future earnings.

5. The charge of the court fairly submitted all the issues to the jury and is not subject to any of the objections urged.

6. The evidence warranted the inference that the plaintiff's injuries were permanent and were caused by the negligence of the defendant. There being evidence that·the plaintiff had received severe injuries about the face and head as a result of his head having been mashed between two railroad cars, and that as a result of the same his hearing was impaired, his sense of smell and sight affected, his nervous system wrecked, his breathing interfered with, his mouth disfigured and jaw fractured, and that he suffered other functional disturbances and physical injuries, which injuries are permanent and from which he has suffered great pain, it cannot be said that a verdict for $10,000 was excessive and not supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1920.

Action for damages; from Fulton superior court — Judge Bell. June 10, 1919.

Application for certiorari was denied by the Supreme Court. *Brown, Randolph & Parker*, for plaintiff in error. *Hill & Adams*, contra.