16859. SOUTHERN RAILWAY COMPANY *et al. v.* BOTTOMS.

STEPHENS, J. 1. The correct rule for computing damages for negligence, in a suit against a railway company, is that where both the defendant and the plaintiff are negligent, a recovery by the plaintiff must be diminished in proportion to the default attributable to him. Civil Code (1910), § 2781. In a suit against two defendants a charge that the damage which the plaintiff would be entitled to recover should "be reduced as you may find their negligence to be" is not a full and clear statement of the rule. In a suit for personal injuries against a railway company and another defendant jointly, where the evidence authorized the inference that the plaintiff was negligent, it was error prejudicial to the defendants not to comply with a written request, timely made, to charge the jury to the effect that if the jury should find that the plaintiff was negligent in a degree less than the negligence of the defendants, the damages which the plaintiff might be entitled to recover should be *diminished in proportion to the amount of default attributable to her,* where the only reference of the court in his charge to the reduction of damages by reason of the plaintiff's negligence was to the effect that the damages recoverable should be reduced as the jury might find the *negligence of the parties to be.* Where a verdict was rendered for the plaintiff, such error demands a new trial for the defendants.

2. Pain and suffering not having any marketable value, and money compensation therefor not being susceptible to mathematical determination, but the amount of recovery therefor being left to the enlightened consciences of impartial jurors (Civil Code (1910), § 4504; *Linder* v. *Brown,* 137 *Ga.* 352 (6) (73 S. E. 734); *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (6) (77 S. E. 77)), a jury in a personal injury suit, where damages for future pain and suffering are sued for, should not be instructed that the amount representing the monetary compensation for future pain and suffering should be reduced to its present worth. *Bostwick* v. *Pittsburgh* Rys. Co., 255 Pa. 387 (100 Atl. 123); Ford v. Philadelphia &c. Co., 262 Pa. 514 (105 Atl. 885); Sebastian v. Philadelphia &c. Co., 262 Pa. 510 (105 Atl. 887); see also Gallagher v. Monroe, 222 Mich. 202 (192 N. W. 609); Denman v. Johnston, 85 Mich. 387 (48 N. W. 565). It would be proper, however, in such a case to instruct the jury that in awarding damages for future pain and suffering they should give consideration to the fact that the plaintiff is receiving a present cash consideration for damage not yet sustained.

3. In a suit for damages against a railway company and one of its servants jointly, in which it was alleged that the plaintiff, who was on the premises of the defendant railway company as a matter of right, for the lawful purpose of accompanying her sisters who were about to board a train of the defendant railway company, was injured by reason of stepping into an unguarded ditch, which it was claimed the defendants had left on or dangerously near the station premises of the defendant railway company, a charge by the court in the language of section 4420 of the Civil Code (1910), that a duty rests upon an owner of premises who by express or implied *invitation induces another to come upon the* premises to use ordinary care to keep the premises and approaches "safe," was a correct statement of the law, since it was taken from the

code section; and it was not error as against the defendants where the judge elsewhere in his charge, in applying the code section to the evidence, specifically stated to the jury that the duty rested upon the defendant railway company to keep its premises "reasonably safe."

4. Since the law as laid down in section 4420 of the Civil Code (1910) requires that the owner of land who invites others to come thereon shall exercise due care to see that the premises and its approaches are safe, a charge to the jury to the effect that such a landowner is under the duty to see that the premises are "in such condition that the person invited may approach and remain thereon in safety," was error, in that the court, instead of charging, according to the true rule, that the duty of the landowner is to keep his premises safe, placed upon the landowner the heavier burden of seeing that the person on the premises remained there in safety.

5. In such a suit, where the evidence authorized the inference that the place where the plaintiff was injured by stepping into a ditch was not a part of the station premises of the defendant railway company or was not dangerously near such premises, a charge of the court that if the place where the plaintiff was injured, if she was injured, was "a part of the space at or near the station and stopping place for trains of defendant company," etc., it was the duty of the defendant company "to use ordinary care to see that such place was kept reasonably safe for such use," and that if the defendant railway company rendered such place unsafe by digging a ditch and leaving it unprotected, etc., there would be a recovery, etc., was error, in that the charge amounted to an expression of opinion by the court that the place where the plaintiff was injured was dangerously near the station premises of the defendant company, when such question was an issue of fact for the jury.

6. Upon the trial of an action for personal injuries, where there is no allegation of negligence arising out of a violation of a duty imposed by statute or ordinance, a charge that when the law requires an act of a person, a failure on the part of that person to perform the required act creates a presumption of negligence, is not subject to exception that it is error upon the alleged ground that only acts made negligent by statute or ordinance are negligent as a matter of law. It is immaterial how a legal duty arises. A breach of that duty is negligence in law. Where a jury concludes that a person is under a legal duty to perform certain acts, as where a railroad is under a legal duty to exercise due care to keep a ditch reasonably safe against pedestrians falling into it, a failure of the person to perform such act is negligence as a matter of law.

7. A charge that a person is not bound to assume that another is negligent, and is not bound to exercise due care to avoid the negligence of the other person until the negligence of the latter is apparent or in the exercise of ordinary care such negligence could be discovered, is not subject to the exception that it is equivalent to an instruction that the plaintiff, in assuming diligence on the part of the defendant, is chargeable with a less degree of care than the law requires to discover the defendant's negligence.

8. A failure of an agent who has dug a ditch to cover it up so as to render it safe for people lawfully coming in the neighborhood of the ditch at night is a part of the act of constructing the ditch, and is an act of misfeasance and not nonfeasance. *Southern Railway Co.* v. *Sewell*, 18 *Ga. App.* 544 (90 S. E. 94) ; Osborne *v.* Morgan, 130 Mass. 102 (39 Am. R. 437). Where the only acts of negligence charged against the defendant are such as arise out of the conduct of an alleged agent of the defendant, and where the acts charged are those of misfeasance only and not nonfeasance, it is not error for the court to fail to define nonfeasance or misfeasance, and it is not error to fail to instruct the jury as to the law, applicable to nonfeasance on the part of the alleged agent of the defendant.

9. In a suit against two defendants to recover damages alleged to have been caused by their joint acts of negligence, where the only alleged acts of negligence appearing from the evidence and relied upon by the plaintiff consist in acts done by one of the defendants as agent for the other defendant and also for himself individually, the evidence does not authorize an inference of separate liability by either defendant, and a failure to charge as to such separate liability is not error.

10. Where, in a suit for personal injuries, the petition alleged that as a result of the defendant's negligence the plaintiff sustained serious and permanent bodily injuries, among which were "a severe concussion of the spine," a severely wrenched and strained back, that the plaintiff had received injuries in her leg and ankle, "that her left heel and the ligaments connecting therewith were stretched and torn, and the nerves, muscles, and tendons and ligaments of all of said portions of her body were strained, stretched, ruptured, and torn," and that "she sustained a severe nervous shock and is now extremely nervous," etc., evidence of a physician that the plaintiff was "suffering from a severe sprain of the sacro-iliac joint," that there was "a displacement of the sacro-iliac synchrondosis," that "there was tenderness in the lumbar sacral region, extending down the sciatic nerve," and that "there was atrophic condition of the muscles of the left thigh and leg," where the evidence showed that the sacro-iliac joint was a part of the spine and that the sciatic nerve extended into the leg, was admissible, under the allegations of the petition.

11. Except as indicated above, the charge of the court fairly to the defendants presented all the issues made, and the court did not err otherwise as set out in the motion for a new trial.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 2, 1926.

Damages; from Clayton superior court—Judge Hutcheson. August 1, 1925.

*McDaniel & Neely, Oscar J. Coogler,* for plaintiffs in error.

*W. H. Reynolds, Jesse L. Moore, Harwell, Fairman & Barrett,* contra.