17356.   LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al.*

*v.* MAFFETT.

STEPHENS, J.   1. Where one's duty requires him to act as hostler and to take an engine from the roundhouse through the railroad yards and leave it upon a track in readiness to be taken charge of by an engineer and used for the purpose of drawing a train of cars from this State into another State, and where his duty also requires him, after so doing, to return by foot through the yards across the tracks to the roundhouse for the purpose of receiving further orders, both the act of taking out the engine and depositing it where required, for the purpose of being used in interstate commerce, and the act of returning to the round-house, are inseparable and indivisible and constitute one task, and he, when returning from the round-house, is engaged in interstate commerce.   This ruling is not in conflict with the case of Erie Railroad Co. *v.* Welsh, 242 U. S. 303 (37 Sup. Ct. 116, 61 L. ed. 319), where it was held that the determination of the question whether a conductor was engaged in interstate commerce when, after having taken a car and left it on a track in the yard for the purpose of being taken and used in interstate commerce, he was returning on the engine, which after-wards went to take water and then slowed down near the yardmaster's office so as to enable him to report for further orders, depends upon whether, when returning, "he was performing an act so directly and immediately connected with his previous act of placing the interstate car in the  . .  yard as to be a part of it or a necessary incident thereto," and "whether the series of acts that he had last performed was properly to be regarded as a succession of separate tasks or as a single and indivisible task."   In support of this ruling, see Erie R. Co. *v.* Winfield, 244 U. S. 170, 173 (37 Sup. Ct. 556, 61 L. ed. 1057); Director-General of Railroads *v.* Bennett, 268 Fed. 767; Van Buskirk *v.* Erie R. Co., 279 Fed. 622; Anderson *v.* Director-General of Railroads, 94 N. J. L. 421 (110 Atl. 829).

2. A petition which alleges that a certain practice on the part of the defendants was customary, and that ordinary care on their part required the performance of the acts which were practiced and which were cus-tomary, is not duplicitous.   In a suit against railroad companies to recover damages for personal injuries alleged to have been received by the plaintiff, a paragraph of the petition wherein it is alleged that it was the custom and the practice in the defendants' yards that, before an engine should move or couple up cars upon the track on which the plaintiff was injured, an employee of the switching crew about to move the cars should notify all persons about to cross the tracks that the cars were about to be moved, and that ordinary care on the part of

---

Appeal and Error, 4 C. J. p. 1068, n. 16.

Commerce, 12 C. J. p. 45, n. 22.

Damages, 17 C. J. p. 924, n. 60; p. 925, n. 61, 71; p. 1064, n. 1; p. 1065, n. 15; p. 1076, n. 11, 13; p. 1080, n. 54.

Master and Servant, 39 C. J. p. 916, n. 15; p. 923, n. 62; p. 1220, n. 71; p. 1222, n. 87; p. 1225, n. 19; p. 1241, n. 26.

Pleading, 31 Cyc. p. 120, n. 84.

33

the defendants required that such practice and custom be maintained, is not duplicitous.

3. Where the petition in such a case alleges that the plaintiff, while in the discharge of the duties of his employment, working in a railroad-yard, when crossing a track behind some cars, was injured by the cars being suddenly kicked upon him and mashing him against a stationary object on the track by the impact of an engine at the other end that was endeavoring to make a coupling, an allegation that the crew of the engine that moved the cars that hit the plaintiff was negligent as respects signalling to the engineer before the train hands had arranged for the coupling, was, when taken in connection with the other allegations in the petition, a relevant and material allegation of negligence. The facts alleged could be considered by the jury, not only as constituting proximate cause of the plaintiff's injury, but also as illustrating the degree, of care exercised by the plaintiff in going behind the cars, which, according to the other allegations of the petition, the plaintiff was authorized to believe would not, in view of the customary manner employed by the defendants in coupling cars, be kicked back upon him.

4. Where the court in his charge clearly instructed the jury that what constituted negligence on the part of the defendants, and what constituted the proximate cause of the injury, were questions of fact for the jury, a charge to the effect that the law requires the defendants, through their servants, agents, and employees, to be in the exercise of ordinary care "in so far as the particulars charged are concerned," was not error.

5. The charge of the court is not subject to the objection that it instructed the jury that the plaintiff did not assume extraordinary or unusual risk connected with his employment. The court charged the jury that a servant "is not required to assume extraordinary or unusual risk, nor is he required to assume the risk of the negligence of the employer or its agents and employees, unless he knew of it, or it was so obvious and so plainly observable that every man, in the exercise of ordinary care, would know and appreciate it."

6. Since one's impaired bodily health and vigor may cause him pain and suffering (*Powell* v. *Augusta & Summerville R. Co.*, 77 *Ga.* 192, 200, 3 S. E. 757; *Atlanta Street R. Co.* v. *Jacobs*, 88 *Ga.* 647 (2), 652, 15 S. E. 825), a charge to the effect that if the plaintiff is entitled to recover he should be given fair compensation "for the pain and suffering he endured, and for the impairment, if any, to his bodily health and vigor, due to the injury," and that the amount so recovered would be measured by the enlightened consciences of impartial jurors, was not subject to the objection that the court gave in charge the wrong measure of damages for determining the compensation to be given for impaired bodily health and vigor. And since the plaintiff's petition in effect alleges an impairment of bodily health and vigor, and since the evidence authorizes the inference that, from the nature of the plaintiff's injuries, his bodily health and vigor were impaired, the charge is not subject to the objection that in this respect it was not adapted to the issues made by the pleading and the evidence.

7. "Pain and suffering not having any marketable value, and money compensation therefor not being susceptible to mathematical determination, but the amount of recovery therefor being left to the enlightened consciences of impartial jurors (Civil Code (1910), § 4504; *Linder* v.

*Brown,* 137 *Ga.* 352 (6) (73 S. E. 734); *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (6) (77 S. E. 77), a jury in a personal injury suit, where damages for future pain and suffering are sued for, should not be instructed that the amount representing the monetary compensation for future pain and suffering should be reduced to its present worth." *Southern Ry. Co.* v. *Bottoms,* 35 *Ga. App.* 804 (134 S. E. 824). While it would have been proper, as was held in that case, for the court to instruct the jury that, in awarding damages for future pain and suffering, they should give consideration to the fact that the plaintiff is receiving a present cash consideration for damages which have not yet been sustained, a failure so to charge was not error, especially since the court elsewhere in the charge clearly instructed the jury that the amount representing the plaintiff's future damages should be reduced to a present cash valuation.

8. Where the court in his charge illustrated the use of the annuity table by calling attention to the seven per cent. column, and illustrated the cash valuation of certain hypothetical figures, and further instructed the jury that they were not obliged to use the annuity table unless they saw fit, and did not instruct them that they should compute the present cash value of the plaintiff's future damages at seven per cent., such charge was not error upon the ground that it instructed the jury that in computing such present cash value of the plaintiff's future damages they should do so upon a basis of seven per cent.

9. Where the court clearly and elaborately instructed the jury with reference to the defense of the assumption of the risk of the employment by the plaintiff, a charge specifically referring to and quoting from the Federal employer's liability act, which instructed the jury that the contributory negligence of the employee would not bar recovery, is not subject to the objection that, in failing to make reference to the defense of the assumption of the risk, it was calculated to impress upon the jury that such defense was not available to the defendants under the act.

10. The trial judge properly held that the plaintiff, when injured, was employed in interstate commerce, and that a recovery, if any, should be under the Federal employer's liability act.

11. The general grounds of the motion for a new trial are not insisted upon by counsel for plaintiffs in error.

12. The petition set out a cause of action and was good against the demurrers interposed, and none of the grounds of the motion for a new trial filed by the defendants presents any merit.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1927.

Damages; from Fulton superior court—Judge E. D. Thomas. March 31, 1926.

Application for certiorari was made to the Supreme Court.

*McDaniel & Neely, Rembert Marshall,* for plaintiffs in error.

*Reuben R. & Lowry Arnold,* contra.