### 17343.  WESTERN & ATLANTIC RAILROAD *v.* DOBBS.

STEPHENS, J.  1. Under section 2780 of the Civil Code (1910), which provides that "a railroad company shall be liable . . for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company," there arises, upon proof of injury to a person by a servant of a railroad company, not only a presumption of negligence of the company, but a presumption that the company's negligence was the proximate cause of the injury.  In a suit against a railroad company to recover for alleged damage from negligence of an employee, a charge of the court to the effect that where it is made to appear that the plaintiff was injured by an employee of the defendant company, there arises a presumption that the defendant was negligent as alleged in the petition, and that unless it is made to appear that the defendant exercised all due care and diligence as respects the acts alleged in the petition as negligence, the plaintiff would be entitled to recover, and that in the absence of such due care and diligence on the part of the defendant the plaintiff could recover, is not error upon the ground that it amounted to an instruction that the jury could, without evidence, find that the alleged negligence of the defendant was the proximate cause of the injury.

2. In such a case a charge that where it is made to appear that the plaintiff was injured by an act of an employee of the defendant, there arises a presumption of negligence against the defendant railroad company, as provided in section 2780 of the Civil Code (1910), is not error upon the ground that the court did not instruct the jury that the injury must be made to appear from the evidence; and it is not error upon the ground that the court did not charge that it must be made to appear from the evidence that the plaintiff was injured as alleged in the petition.  The jury doubtless understood that where there was an issue of fact as to whether or not the plaintiff was injured by an employee of the defendant as alleged, the existence of such injury alleged in the petition must be made to appear from the evidence.

3. In a suit against a railroad company by a married woman to recover damages because of the alleged negligent act of the defendant's flagman, causing her to be injured by coming in contact with a lantern in his hands while she was attempting to board a train of the defendant, a charge that if the plaintiff is entitled to recover she will be entitled to recover "for the injury sustained, and as an element of recovery would be included pain and suffering which she may have endured, or may hereafter endure, because of the alleged injury," is not an instruction that the plaintiff would be entitled to recover all the general and special damages resulting from the physical or bodily injuries inflicted upon her by the negligent act of the defendant, but is an instruction to the effect that if she is entitled to recover, she is entitled to recover only

Appeal and Error, 4 C. J. p. 851, n. 53.

Damages, 17 C. J. p. 924, n. 60; p. 925, n. 61, 71; p. 1066, n. 19; p. 1067, n. 22; p. 1075, n. 99, 5; p. 1076, n. 13.

Master and Servant, 39 C. J. p. 1005, n. 92; p. 1224, n. 6, 7.

the damages legally flowing from the injuries sustained, whatever they might appear to be from the evidence. Nor is the charge subject to the objection that "it authorized the jury to award the plaintiff damages on the mere imaginary possibility that she may or might endure such future pain and suffering because of the alleged injury, and further because said instructions failed to require that the jury should determine from the evidence whether there was or was not reasonably probability that plaintiff would or would not endure future pain and suffering because of the alleged injury." The charge is an instruction to the effect that the plaintiff would be entitled to recover damages for whatever pain and suffering, whether past or future, it might appear from the evidence she has endured or may endure in the future.

4. The court, when instructing the jury that the plaintiff could recover damages for pain and suffering sustained, did not err in failing to instruct the jury that the amount found for future pain and suffering should be reduced to a present cash valuation. *Southern Ry. Co. v. Bottoms*, 35 *Ga. App.* 804 (134 S. E. 824); *Louisville & Nashville R. Co.* v. *Maffett*, 36 *Ga. App.* 513 (137 S. E. 404). A charge that the amount to be found for pain and suffering, including future pain and suffering, is left to the enlightened consciences of impartial jurors, was correct.

5. The evidence authorized the verdict found for the plaintiff. The court in the charge to the jury, fairly to the defendant, submitted all the issues presented. None of the grounds of the amendment to the motion for a new trial shows error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1927. REHEARING DENIED MARCH 8, 1927.

Damages; from Bartow superior court—Judge Tarver. February 8, 1926.

Application for certiorari was made to the Supreme Court.

*Tye, Peeples & Tye, Neel & Neel,* for plaintiff in error.

*Branch & Howard, C. C. Pittman,* contra.