## 20987. GEORGIA POWER COMPANY *v.* WOODALL.

DECIDED APRIL 14, 1931.

*Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error. *G. Seals Aiken,* contra.

LUKE, J. Mrs. Annie Woodall brought suit against Georgia Power Company to recover damages for injuries alleged to have been sustained by her as the result of the defendant's negligence in the operation of a street-car within the corporate limits of At-

lanta. The trial resulted in a verdict and judgment for the plaintiff in the sum of $3200; and the questions for review arise upon a motion for a new trial, which was overruled.

The petition charges that the street-car upon which the petitioner was a passenger was driven by the operator in charge, without slackening its speed of approximately thirty-five miles per hour, into and upon a switch or cross-over, causing the rear wheels to jump the switch and to travel along the tracks while the front wheels traveled over the switch or cross-over, thus throwing the car crosswise upon the street, and thereby violently jostling the petitioner about and seriously injuring her.

Special ground 1 of the motion for a new trial will be considered first. It appears from the record that in the earlier part of her cross-examination the plaintiff swore: "As to what I have got to undergo another operation for—it is for a misplaced floating kidney. The Georgia Power Company doctor told me that I had a misplaced kidney." It further appears that this testimony was not objected to. Upon redirect examination plaintiff testified: "I think the power company's doctor examined me about three weeks after I was hurt. Dr. Barber examined me all over, and he said: 'Mrs. Woodall, I can not find anything except a misplaced kidney.' He says: 'You have a misplaced kidney.'" The last statement of the doctor was objected to (a) because "the movant was not bound by the statement of the doctor," and (b) because the statement was no part of the res gestæ. In view of the fact, as indicated above, that the plaintiff had already testified to the alleged statement of the doctor under cross-examination, and that there was no objection to such testimony or motion to rule it out, the subsequent admission of the plaintiff's testimony is not reversible error. *County of Butts* v. *Hixon,* 135 *Ga.* 26 (2) (68 S. E. 786).

Special grounds 2 to 7 inclusive complain of portions of the charge of the court, for the reason that they were not supported by the evidence, or because the evidence disproved the contentions presented. Our examination of the record persuades us that in each instance referred to in the exceptions, the evidence, fairly and reasonably construed, warranted the charge of the court.

Special grounds 8, 9, 10, and 11 relate to alleged newly discovered evidence concerning the plaintiff's photograph, with respect to the time when it was taken. In this connection it does not satisfac-

torily appear, for any reason assigned, why this evidence could not have been discovered during the trial quite as readily as afterwards. The mere fact that the plaintiff testified that her photograph was taken at "Brown Sisters" studio, instead of "Branson's Sisters" studio, is not deemed sufficient to account for the delay in the defendant's investigation. Plaintiff did testify that the studio was located "on Whitehall street, upstairs." Reasonable diligence on the part of the defendant would doubtless have detected the error. The court did not abuse its judicial discretion in overruling any of the grounds under consideration.

Special ground 12, complaining that the court, without request, failed to charge upon the theory of accident, is without merit. In the case of *Hilton & Dodge Lumber Co.* v. *Ingram,* 119 *Ga.* 653, 657 (46 S. E. 895, 100 Am. St. 204), the Supreme Court held: "There was evidence to warrant the contention on the part of the defendant that the injury was the result of an accident, and it was entitled to a charge adjusted to that theory, without a special request therefor." In the case at bar this rule does not apply, for the reason that no such theory was relied upon by the defendant as a distinct defense. "A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault. It may be proper to give such a charge, if requested, but, being merely elaborative, it does not involve such a distinct defense as to make it error to fail to give it in the absence of a request." *Ala. Great So. R. Co.* v. *Brown,* 138 *Ga.* 328 (6), 332 (75 S. E. 330), quoting from *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 563 (64 S. E. 680). In the case at bar, the court having charged at length upon the theory that there could not be a recovery if the defendant was without fault, and there being no request to charge upon the theory of accident, this ground discloses no reversible error.

Special ground 13 is controlled adversely to the plaintiff in error by the following rule laid down in the case of *W. & A. Railroad* v. *Dobbs,* 36 *Ga. App.* 516 (4) (137 S. E. 407). "The court, when instructing the jury that the plaintiff could recover damages for pain and suffering sustained, did not err in failing to instruct the jury that the amount found for future pain and suffering should be reduced to a present cash valuation. *Southern Ry. Co.* v. *Bottoms,*

*35 Ga. App.* 804 (134 S. E. 824) ; *Louisville & Nashville R. Co.* v. *Maffett,* 36 *Ga. App.* 513 (137 S. E. 404). A charge that the amount to be found for pain and suffering, including future pain and suffering, is left to the enlightened consciences of impartial jurors, was correct."

The evidence warranted the verdict, and for no reason assigned did the trial judge err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*