[No. 23302. Department One. November 5, 1931.]

KNUTE HALSETH, *Respondent*, v. WILFRED ROGERS *et al., Appellants.*[1]

*O. S. Galbreath,* for appellant.
*Earl V. Clifford,* for respondent.

PARKER, J.—The plaintiff, Halseth, commenced this action in the superior court for Pierce county, seeking recovery of damages which he claims he suffered in injuries to his automobile caused by the negligent driving of a motor truck by the defendant Hodges for the defendant Rogers; the damage being caused by the truck coming in collision with the automobile from the rear. After the overruling of the defendants' general demurrer to the plaintiff's complaint, the defend-

[1]Reported in 4 P. (2d) 862.

ants denied negligence on their part and alleged negligence on the part of the plaintiff as the proximate cause of the accident. The trial proceeded without a jury, resulting in findings and judgment awarding to the plaintiff recovery in the sum of $120 against the defendants, from which they have appealed to this court.

It is contended in behalf of the defendants that the trial court erred in overruling their demurrer to the plaintiff's complaint. The language of the complaint charging negligence against the defendants, being the only portion of the complaint necessary to here notice in that connection, is as follows:

"That on or about the 14th day of December, 1929, in the city of Tacoma, Pierce county, Washington, the plaintiff pulled over to the curb and stopped in a lawful manner his Overland sedan automobile on the paved street along the water front about two hundred and fifty (250) yards north of the Ocean dock; that presently a truck of the said City Fuel Company, operated by the defendant, Dan Hodges, at a speed in excess of the speed limit fixed by Ordinance No. 9280 of the said city of Tacoma entitled: [Here is inserted the title of the ordinance and the date of its passage.] carelessly and negligently ran into the rear of the plaintiff's said car."

The quoted words "City Fuel Company" were, in a prior paragraph, alleged to be the name under which the defendant Rogers conducted his business.

The argument is that the complaint is too meager in its charge of negligence, amounting only to nothing more than conclusions. We deem it sufficient to say that we regard these allegations of negligence sufficient as against a general demurrer. Citation of authorities seems to us unnecessary to support this conclusion.

It is further contended in behalf of the defendants

that the evidence calls for the conclusion that they should be absolved from liability, particularly upon the theory that the plaintiff's negligence was the sole proximate cause of the accident. This presents only a question of fact. A reading of all the evidence brought here by a statement of facts convinces us that the evidence does not preponderate against the findings of the trial judge. The cause does not seem to us to call for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, MILLARD, and BEELER, JJ., concur.