[No. 31247. Department Two. May 11, 1950.]

BIRL B. TACKETT *et al., Respondents,* v. FRED MILBURN *et al., Appellants.*[1]

*Sam R. Sumner* and *Sam R. Sumner, Jr.,* for appellants.

*Tonkoff & Holst* and *Ned W. Kimball,* for respondents.

[1]Reported in 218 P. (2d) 298.

MALLERY, J.—This is an appeal from a judgment of the court in favor of the plaintiffs in an action for personal injuries sustained in an automobile collision which occurred on highway No. 10, at a point on the Douglas county side of the Columbia river about a mile north of the Beebe bridge. At this point, the road is straight and runs in a general north-south direction. The traveled surface is about sixteen feet wide. The shoulders are narrow. There is a sharp drop down to the river on the west side. The accident took place on August 9, 1947, at about seven o'clock p. m. It was daylight, and visibility was unimpaired.

Respondent, accompanied by his wife and daughter, was proceeding north along the road at a speed of about thirty to thirty-five miles per hour, and had entered upon the straight stretch when appellant, Don Milburn, approached from behind. At this point, the two cars were two hundred or three hundred feet apart, and the appellant was driving at about forty miles per hour. Four children were walking along the right side of the road some one hundred and fifty feet ahead of the respondent's car. He commenced a gradual swing to the left of the center of the road in order to pass the children. No other traffic was on the road. The appellant, gaining on the respondent, also swung to the left, and when the respondent was abreast of the children, appellant was about seventy-five feet behind him. Appellant testified that his intention was to overtake and pass the respondent as soon as it was possible.

The respondent had reduced his speed about ten miles per hour as a precautionary measure, and also because his daughter had recognized the children and had suggested to her father that they pick them up. The respondent began to swing back to the right side of the road, reducing speed continually, and touching his brakes in order to stop at a point ahead of the children. The use of the brakes lighted up his stop lights, but he did not signal with his hand.

The appellant did not see the lights. His testimony was that he had glanced into his rear view mirror, while other testimony was to the effect that he was looking across the river. In any event, when he returned his eyes to the road,

he was virtually upon the respondent, and collided with him. The appellant struck the left rear portion of the respondent's car with the right front portion of his car, causing the respondent's car to turn over on its side. At the moment of impact, respondent's car was not yet entirely in the right-hand lane, its left rear wheel being about six inches left of an imaginary center line.

Appellant contends that the trial court erred in holding that the appellant was going too fast immediately prior to the collision; that he was following the respondent too closely; that he was negligent in not blowing his horn when he desired to pass the respondent; that under the circumstances he should have anticipated some act on the part of the respondent, such as slowing down, although there was no arm signal; and in finding that the negligence of the respondent did not contribute to the accident.

We find that the evidence does not clearly preponderate against the court's findings of fact, and hence this court will not overturn them. *Petro Paint Mfg. Co. v. Taylor,* 147 Wash. 158, 265 Pac. 155; *Halseth v. Rogers,* 165 Wash. 40, 4 P. (2d) 862.

Appellant, following the respondent as he swung out to clear the children, was aware of the fact that he was rapidly gaining on a car that had moved to the left lane in order to pass pedestrians. His duty was to give his attention to this situation. When he belatedly returned his eyes to the car ahead, an emergency existed, but it was one of his own making, and he cannot avail himself of the emergency rule. *Allen v. Schultz,* 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676; *Pryor v. Safeway Stores,* 196 Wash. 382, 83 P. (2d) 241; 85 P. (2d) 1045.

The maximum speed of fifty miles per hour allowed on a highway is not permitted to the operator of a car under any and all conditions. See Rem. Supp. 1947, § 6360-64 (1) and *Copeland v. North Coast Transp. Co.,* 169 Wash. 84, 13 P. (2d) 65.

It was the duty of the appellant to exercise that degree of care required of a reasonably prudent person under like or similar circumstances, including the condition

of the highway, and the acts of other persons thereon. *John-son v. Watson,* 11 Wn. (2d) 690, 120 P. (2d) 515.

The primary duty in the situation herein presented lies with the following driver. Rem. Rev. Stat., Vol. 7A, § 6360-81 [P.P.C. § 295-13]; *Spencer v. Magrini,* 115 Wash. 29, 195 Pac. 1041; *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824. His eyes should be on the car ahead, and, in the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. If he desires to pass the leading car, he must maintain distance and control of his own car until the opportunity to safely pass presents itself. At this point, the statutory duty to signal with his horn, at a distance of not less than fifty feet, is imposed upon him. See Rem. Rev. Stat., Vol. 7A, § 6360-77 [P.P.C. § 295-5]; 2 Blashfield, Cyclopedia of Automobile Law & Practice (Perm. ed.) 86, § 938; and *Zurfluh v. Lewis County,* 199 Wash. 378, 91 P. (2d) 1002.

The trial judge found the respondent's negligence in not giving a hand signal was not a proximate cause of the accident.

We will not overturn this finding by the court, in view of the facts in this case. Appellant did not see respondent's stop lights flash on. This is corroborative of other evidence that he was not looking ahead. See *Ritter v. Johnson, supra.* Appellant's contention as to the existence of an emergency does not accord well with the giving of proper attention ahead. The fact that the hand signal would not have been seen had it been given, is a sufficient basis for eliminating the failure of giving it as a proximate cause of the collision.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.