35427. COLLINS *et al. v.* McPHERSON.

Decided November 30, 1954—Rehearing denied December 17, 1954.

*Ingram & Tull, T. J. Long,* for plaintiffs in error.
*Davis & Cullens,* contra.

Townsend, J. ■ Error is assigned upon the charge of the court on the grounds: (1) that the charge permitted the jury to award the full amount of damages sued for without instruct-

ing the jury that any amount awarded the plaintiff as the full value of the life of her deceased daughter should be reduced to present cash value, using as a basis of calculation 7% interest, and failed to instruct the jury that any amount should be reduced to present cash value; and (2) that it was further erroneous to fail to call the jury's attention to the fact that the deceased's ability to labor and earn money in the future might be affected in the declining years of her life and thereby decreased. On the subject of damages the court charged only the provisions of Code §§ 105-1307 and 105-1308, as follows: "I charge you that a mother, or if no mother, a father, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child. The full value of the life of the decedent, as shown by the evidence, is the full value of the life of the decedent, that is, the deceased child, without deduction for necessary or personal expenses of the decedent had she lived."

The only evidence in the case bearing upon the value of the life of the child was that she was seven years of age and had, according to the mortality tables, a life expectancy of 50.8 years. Her mother testified that she had performed services by helping in the yard, helping with the flowers, running errands, bringing in coal, ironing towels and other flat pieces, and other like services. The act of 1952 (Ga. L. 1952, p. 54) amending Code § 105-1307 makes it unnecessary in a suit by a parent for the homicide of a child to prove dependency and contribution to support since the passage thereof, but such evidence may be considered by the jury in connection with evidence of the age of the deceased as bearing upon her capability and precocity, thus yielding some inference as to her mental and physical potentialities. In *Betts Co.* v. *Hancock*, 139 *Ga.* 198, 207 (77 S. E. 77), the case of Buckry-Ellis *v.* Mo. Pac. Ry. Co. 158 Mo. App. 499 (138 S. W. 912), was quoted with approval, to the effect that, as to infants of tender years, it is impossible to give evidence of the pecuniary value of the probable loss, and therefore the question of damages for loss on account of impairment of future earning capacity is left to the sound judgment, experience, and conscience of the jury without any proof thereof

whatever, and the Supreme Court then points out that a distinction should be expressly recognized, on the question of the loss resulting from the injury, between adults, as to whom some proof of earning capacity is available, and infants whose earning capacity is yet untried. In *Seaboard Air Line Ry. Co.* v. *Sarman,* 38 *Ga. App.* 639, 640 (11) (144 S. E. 810), it is held: "The value to a parent of the services of a minor child is not determinable solely from evidence as to the amount of money the child earns or is capable of earning during its minority. The value of a child's services may be determined from all the evidence, including evidence as to the age and precocity of the child, its earning capacity, and the services rendered by it, the circumstances of the family and the living conditions and 'from experience and knowledge of human affairs on the part of the jury.' *Savannah Electric Co.* v. *Dixon,* 18 *Ga. App.* 314 (3) (89 S. E. 373). Where the court in the charge virtually so instructed the jury, the charge was not subject to exception as being error in that it failed to instruct the jury as to any rule by which the amount of damages could be calculated or by which the value of the services could be reduced to a present cash value." It follows, therefore, that, in a suit by a mother for the wrongful death of a child of such tender years that no earning capacity has been established or can be directly ascertained, it is not necessary for the plaintiff to produce evidence as to earning capacity in order to recover; but the value of the child's life must be established by the enlightened conscience of an impartial jury as applied to the evidence in the case, including testimony as to such child's age, life expectancy, precocity, health, mental and physical development, family circumstances, and from the experience and knowledge of human affairs on the part of the jury.

■ ■ Since there is not, and cannot be in the very nature of this and other like cases, any evidence from which a jury could mathematically determine the value of the life of the deceased infant on the basis of either past or future earnings or future earning capacity, and for this reason the question of determining the amount to be awarded is almost entirely within the discretion of the jury—it seems to this court that the question of reducing the value of the life to present cash value by the 7% or any other method is not involved. It is true that where, in a death or personal-injury action, the injury may be

measured to some extent by loss of future earnings and loss of earning capacity, the amount recovered is the present value of a future interest, and the whole future interest must first be determined and then reduced to present cash value. See *Central of Ga. Ry. Co.* v. *Goens,* 30 *Ga. App.* 770 (119 S. E. 669) ; *Atlanta & West Point R. Co.* v. *Newton,* 85 *Ga.* 517 (11 S. E. 776) ; *Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (4) (94 S. E. 50) ; *Seaboard Air-Line Ry. Co.* v. *Vandiver,* 25 *Ga. App.* 635 (104 S. E. 24) ; *Furney* v. *Tower,* 34 *Ga. App.* 739 (131 S. E. 177) ; *Pollard* v. *Kent,* 59 *Ga. App.* 118 (200 S. E. 542) ; *Central of Ga. Ry. Co.* v. *Keating,* 45 *Ga. App.* 811, 819 (165 S. E. 873) ; *Central Truckaway System* v. *Harrigan,* 79 *Ga. App.* 117 (4) (53 S. E. 2d 186) ; *Davison-Paxon Co.* v. *Archer,* 91 *Ga. App.* 131; Chesapeake & Ohio Ry. Co. *v.* Kelly, 241 U. S. 485, 493 (36 Sup. Ct. 630, 60 L. ed. 1117). This rule is also generally applied in other State and the Federal courts. See Annotations, 77 A. L. R. 1439; 154 A. L. R. 796. These cases, however, deal with adults and not with children too young to have chosen any vocation in life, and therefore do not fall into the category of those children where, by necessity, direct proof of the financial loss is dispensed with. The discretion left in the jury to award damages—that is, to determine the extent of the injury, if the minor plaintiff survived, or to determine the value of the life, if the parent sues for the death of the child—in the latter instance, is more closely analogous to those cases in which recovery is sought for future pain and suffering, as to which there is no rule except the enlightened conscience of an impartial jury. While the other States are divided on the question (see A. L. R. annotations, supra), the rule in Georgia is that, since money compensation for this element of injury is not susceptible to mathematical determination, the jury should not be instructed that such amount should be reduced to its present cash value. *Southern Ry. Co.* v. *Bottoms,* 35 *Ga. App.* 804 (2) (134 S. E. 824) ; *Louisville & Nashville R. Co.* v. *Maffett,* 36 *Ga. App.* 513 (137 S. E. 404) ; *Georgia Power Co.* v. *Woodall,* 43 *Ga. App.* 172 (5) (158 S. E. 367). It would be equally as fallacious to require the jury, in the present case, to determine the amount of the child's value of life without evidence as to what it might do, make, earn, or accomplish during that life, and then to reduce such unknown quantity by a known quantity of 7% interest multiplied by the

period of its life expectancy, and make the latter sum the basis of the measure of damages.

This is all the more true because the measure of damages set as the full value of the life of such child without deduction for the necessary or personal expenses of the decedent in Code § 105-1308 is in itself an arbitrary standard having little relation to the pecuniary loss sustained by the parents. In *Savannah Electric Co.* v. *Bell,* 124 *Ga.* 663, 669 (53 S. E. 109), it is stated: "This is nothing more or less than a legislative imposition of a penalty upon the person who causes the death of another by negligence, the penalty to go to the person injured. While such legislation is punitive so far as the defendant is concerned, it is compensatory so far as the plaintiff is concerned; but exact compensation for the loss sustained is not the primary object of the statute, though in many cases this result may be brought about." In *Atlantic, Valdosta &c. Ry. Co.* v. *McDilda,* 125 *Ga.* 468, 470 (54 S. E. 140, 114 Am. St. R. 240), it is held that the statute "is remedial in that there must be a dependence upon the person killed; and a contribution to the support of the plaintiff must have been made by the deceased. It is penal in that the measure of the recovery is the full value of the life of the deceased, irrespective of its real value to the person in whom the cause of action is vested." While the act is still partly compensatory in character, it is no longer remedial in the sense that contribution and support must be shown as a basis for recovery. It no longer purports to compensate the parent for a purely pecuniary loss. The compensation extends over a broader field, generally, than the parent might expect from the child should it have lived out its life expectancy (and the very life expectancy on which the measure of damages is predicated exceeds the life expectancy of the parent suing for the loss, yet there is no necessity in Georgia for proving the life expectancy of the parent). Thus, both in the compensatory and the penal elements of the verdict, the jury is guided by its discretion in assessing the amount and not by pecuniary loss to the plaintiff. This being so, this court will not hold that such amount, when assessed, will be such a future benefit as must be reduced to present cash value before it can legally be awarded.

The general rule is recognized and adhered to, that the full value of the life of an adult, or of a minor who has a known

earning capacity and is actually producing income which may form the basis for calculation of the value of the life, or of an adult person who, although not gainfully employed, is rendering services capable of measurement in monetary terms, should be ascertained and reduced to present cash value. This rule is clearly stated in the cases of *Lynn* v. *Harrigan,* 79 *Ga. App.* 117 (53 S. E. 2d 186); *Central of Georgia Ry. Co.* v. *Keating,* supra; *Pollard* v. *Watkins,* 51 *Ga. App.* 762 (181 S. E. 798); *Bunch* v. *McLeskey,* 173 *Ga.* 545 (161 S. E. 128); *Central of Georgia Ry. Co.* v. *Anderson,* 43 *Ga. App.* 189 (158 S. E. 333); *Atlanta & West Point R. Co.* v. *Newton,* supra; *Central of Georgia Ry. Co.* v. *Mosely,* 112 *Ga.* 914 (38 S. E. 350); cited by the defendant in error. What is here held is merely that, where there is no evidence whatever on earnings or earning capacity, and where such evidence is not necessary to a recovery, and where the jury has not been instructed by the trial court to determine the full value of the life of the deceased child based on what she would have earned during her life expectancy, it is not error for the trial court to charge only Code §§ 105-1307 and 105-1308, and thus leave the full value of the life of the child to the enlightened conscience of an impartial jury, based on evidence of the child's age, her precocity, the services rendered by her up to the time of her death, the circumstances of the family, and from experience and knowledge of human affairs on the part of the jury, and to fail to charge that any amount awarded the plaintiff as the full value of the life of her deceased daughter should be reduced to present cash value.

■ It also follows that, since there was no evidence relating to future earnings or earning capacity, it was not error to fail to charge that the deceased's ability to labor and earn money in the future might be affected in the declining years and thereby decreased, as contended in the third special ground of the amended motion for new trial. This is particularly true because the court gave no charge whatever on this subject; there was no present earning capacity, and the question of increased future earning capacity was properly not dealt with. See *Georgia Cotton Oil Co.* v. *Jackson,* 112 *Ga.* 620, 621 (37 S. E. 873).

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*