35572.   JACKSON *v.* CAMP & BROWN PRODUCE CO. *et al.*

Decided June 2, 1955—Rehearing denied July 7, 1955.

360

*Nick Long, Jr.,* for plaintiff in error.

*Dunaway & Embry, J. Eugene Ivey,* contra.

NICHOLS, J. ■ Special ground 4 of the motion for new trial complains of the following excerpt from the court's charge: "On the question of pain and suffering take into consideration over what period of time she may have endured pain and suffering, the mildness or intensity of it, over what period of time it was intense, if intense, whether it is still intense, whether it will continue intensely in the future, any and all evidence that may throw any light on the subject of the injury and damage and the pain and suffering which she says is the result of the injuries she received, and the law says that in making up your minds concerning

that the court can give you no rule to go by, that there is no yard stick that I can lay down to you in determining that, that it must be left to the enlightened consciences of impartial jurors." The plaintiff contends this excerpt was error, in that it instructs the jury that the pain and suffering must continue intensely in the future, and that it must be intense at the present time, for the plaintiff to recover on this item of damages. Immediately before giving the instructions complained of, the court charged as follows: "Then she sues for the injuries and for the suffering she alleges to have endured, the pain and suffering caused by the alleged injuries she received, and that is an item on which she may recover provided she is otherwise entitled to recover and provided the evidence shows you with a reasonable degree of clarity just what this may consist of. It would be your duty to go into the question of the injuries she may have received, the mildness or intensity of any suffering that she may have endured, the kind of injuries she received, the seriousness of them, over what period of time they lasted, whether they have ceased or continue, whether they will continue into the future, whether they will last permanently, as she alleges, and go with her through life. Take into consideration any injury or damage or disease that she may have been suffering from, if there was such, at the time of any injury occasioned by the accident she sets out and describes in her petition and whether or not, if she was suffering with such, it was aggravated as a result of any injury and damage which she may have received. That is something that you should take into consideration in making up your minds on this subject." There is no merit in the contention of the plaintiff that the excerpt complained of was prejudicial to her, because, when the whole charge on this subject is taken into consideration, the jury was properly instructed on the subject of future pain and suffering, and such charge was not prejudicial to the plaintiff. This court has consistently held that a charge on future pain and suffering which states that the amount to be awarded under this item of damages is left to the enlightened consciences of impartial jurors is not error. *Southern Ry. Co.* v. *Bottoms,* 35 *Ga. App.* 804 (134 S. E. 824); *L. & N. R. Co.* v. *Maffett,* 36 *Ga. App.* 513 (7) (137 S. E. 404); *Western & Atlantic R.* v. *Dobbs,* 36 *Ga. App.* 516 (4) (137 S. E. 407).

■ ·Special ground 5 complains that the court should have instructed the jury that, in considering the future pain and suffering, if it found in favor of this item, they should consider how long in the future it would be likely to persist, and reach a figure in one lump sum to be included with any other items of damage. ·The plaintiff contends that, in failing to charge in substance as set out in this ground, the jury was not instructed that for such future items of damage which had not occurred she should be paid at the present time; and that, therefore, the failure so to charge was prejudicial and harmful to her. The court instructed the jury near the conclusion of its charge as follows: "While I have named several items on which the plaintiff may be allowed to recover, provided you find she is otherwise entitled to recover, you will not attempt to itemize those in your verdict. Let one lump sum cover any damage that you may award." In view of the excerpt from the charge last quoted above, there is no merit in the plaintiff's contention.

■ Special ground 8 complains that the trial court erred in charging on the doctrine of comparative negligence. The defendants insist that the following evidence of the defendant Thigpen required a charge on comparative negligence: "At the time I first noticed the light it was green. As I approached it Mrs. Jackson was also approaching it. . . Just as she got to the light it turned yellow. I started to apply the brakes and it seemed to me that Mrs. Jackson was going through and in my opinion it was a sudden stop. I applied the brakes heavier and came up and bumped her. At the time I saw the yellow light I was driving ten or fifteen miles an hour. I could not positively say whether I skidded on the pavement or not. I could have. Mrs. Jackson did not skid out there before she stopped. It was not a normal stop in my opinion. . . As I followed her I know the light turned yellow when she was practically in the intersection. You ask me if it is true that she did not run out into the intersection. There is a crosswalk there and I would say that her front wheels were in the crosswalk." The purpose of a yellow light in connection with a red light and green light as a traffic signal is to allow persons in the intersection to continue through and clear the intersection before the light finally changes to red. It is not an invitation to all drivers to continue along their way

until the light finally turns red and then to clear the intersection. The testimony last quoted above is insufficient to show that the plaintiff was negligent in any manner. It was not made to appear precisely whether the intersection light changed quickly or slowly. Inferentially, however, it was a quick change because, while both parties were proceeding with the sanction of a green light, it did not change to yellow until "just as she got to the light." In other words, the plaintiff did not have notice of a change in sufficient time to make any stop except a sudden one. Apparently she did so in order to avoid an illegal entry into the intersection. The defendant testified that she stopped her car with the front wheels in the crosswalk rather than in the intersection. While he also testified that in his opinion she made a sudden stop, this does not show, in view of the change from a green light to a yellow light "just as she got to the light," with no charge that she was approaching the intersection in any negligent manner as to speed or otherwise, any negligence in stopping suddenly under the existing circumstances. The difficulty of the defendant is that if, as he testified, he was traveling only ten or fifteen miles an hour, he obviously was following too closely behind the plaintiff's car; otherwise he would have been able to stop his car without letting it run into the rear of the plaintiff's.

Code § 68-301 provides in part, "No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever." This provision was unchanged by the act of 1939 (Ga. L. 1939, p. 295), and the act of 1950 (Ga. L. 1950, p. 418) adding new matter. See Code (Ann. Supp.) § 68-301. No ordinance of the City of Atlanta was pleaded and proved, and therefore we apply the general rule relating to a car following another, which is well stated in 2 Blashfield Cyclopedia of Automobile Law and Practice 143, § 942, with many citations: "A motorist has right to follow another motorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he

can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic." See also, among others, Cronin v. Shell Oil Co., 8 Wash. 2d 404 (3) (112 Pac. 2d 824); Tackett v. Milburn, 36 Wash. 2d 349 (218 Pac. 2d 298); Larpenteur v. Eldridge Motors, 185 Wash. 530 (55 Pac. 2d 1064); Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795 (86 S. W. 2d 708); Zandras v. Moffett, 286 Pa. 477 (133 Atl. 817).

The evidence did not authorize a charge upon comparative negligence, and the court erred in giving such a charge. *Investors Syndicate* v. *Thompson*, 172 *Ga.* 203 (2b) (158 S. E. 20).

■ The other special grounds of the motion for new trial were not argued or insisted upon, and must be treated as abandoned.

■ The general grounds are not dealt with because (1) they are not argued or insisted upon, and (2) it is unnecessary to do so in view of the above rulings, which require a reversal of the judgment of the trial court.

*Judgment reversed. Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., and Gardner, P. J., dissent.*

FELTON, C. J., dissenting. I am of the opinion that the evidence authorized the jury to find that the plaintiff was guilty of negligence in some degree in making a sudden stop with the front wheels of her automobile in the crosswalk, and that the charge on comparative negligence was authorized. I am authorized to say that Presiding Judge Gardner concurs in this dissent.