43499. WEIL BROTHERS COTTON, INC. v. HARROLD BROTHERS, INC.

EBERHARDT, Judge. Harrold Brothers, Inc. brought suit on account against Weil Brothers Cotton, Inc., claiming an indebtedness of $15,246.10 for service and storage of Weil Brothers' cotton. Weil Brothers filed its answer claiming damages in the nature of recoupment, alleging that it had purchased the cotton, which was stored in Harrold Brothers' warehouse, from the Commodity Credit Corporation; that before the cotton could be shipped and sold it was necessary that Harrold Brothers take samples to be sent to Weil Brothers and the U. S. Department of Agriculture Classing Board; that under the Georgia State Warehouse Act and Regulations Harrold Brothers was bound to take and send the samples with a reasonable amount of speed and diligence; that Harrold Brothers took an unreasonable length of time in taking and sending the samples, after request. resulting in unreasonable storage charges because of the lengthy storage period; that if Harrold Brothers had used due diligence in obtaining and sending the samples, the cotton could have been sold and shipped at an earlier date which would have reduced the storage charges; that due to the unreasonable length of time Harrold Brothers took to obtain and send the samples, Weil Brothers was damaged in the amounts of $5,640 for storage charges, $4,877.04 as loss of interest on the money it would have been paid for the cotton if it could have been sold at an

earlier date, $65.80 for insurance, $2,350 loss in filling orders for cotton from less advantageous origins, and $1,120.21 for damage to cotton and undue expense caused by the attachment. Weil Brothers also counter claimed for $1,150.14 for short shipments and damage to cotton shipments.

At the trial Weil Brothers admitted a prima facie case and assumed the burden of proof. Harrold Brothers stipulated the correctness of the counter claim, leaving as the only issue the damages by way of recoupment. At the close of the evidence the court directed a verdict in favor of Weil Brothers in the full amount of $1,150.14 on its counter claim and in favor of Harrold Brothers in the full amount of $15,246.10 on the account. Weil Brothers appeals. *Held:*

1. Since there was no evidence to prove any items of damage in any amount claimed by Weil Brothers in the way of recoupment, it was not error for the court to direct a verdict in favor of Harrold Brothers after Weil Brothers admitted a prima facie case and failed to go forward with its burden of proof and introduce evidence to establish its damages.

2. There was no error in admitting into evidence testimony regarding Harrold Brothers' performance of work for, and obligations to, other persons and cotton companies not parties to the suit. The case was tried on the theory that under the Georgia State Warehouse Regulations, promulgated by the Commissioner of Agriculture, Harrold Brothers owed the public the duty to take the samples within a reasonable time and to process orders as they came in without partiality or preference of treatment to anyone. While we can find no regulations to this effect of which we can take judicial notice under § 8 of the Administrative Procedure Act (*Code Ann.* § 3A-108), the testimony as to these regulations was elicited by appellant here, and it is no cause for reversal that testimony was introduced tending to show that Harrold Brothers complied with them. Moreover, substantially similar testimony was elicited on several occasions by appellant here that Harrold Brothers did not start processing the order of November 6, 1966, until January 1, 1967, because of previous orders from other companies which took priority. Hence even if the evidence was inadmissible, no reversible error appears. *Waters v. Wells,* 155 Ga. 439 (4) (117 SE 322); *Ga. Power Co. v. Woodall,* 43 Ga. App. 172 (1) (158 SE 367); *Terry v. State,* 15 Ga. App. 108 (3) (82 SE 635); *Savannah Electric Co. v. Crawford,* 130 Ga. 421 (4) (60 SE 1056)

10

3. Error is enumerated on the admission into evidence of the substance of a telephone communication from a Mr. Loeb, purportedly connected with Weil Brothers, in which Mr. Loeb stated that the samples should be sent piecemeal as taken rather than waiting for the entire order to be completed. If error, no reversal is required since appellant elicited the same testimony prior to that complained of. *Waters v. Wells*, 155 Ga. 439 (4), and other cases cited, supra.

Judgment affirmed. *Felton, C. J., and Whitman, J., concur.*

ARGUED MARCH 4, 1968—DECIDED MAY 24, 1968— REHEARING DENIED JUNE 14, 1968—

*Johnson & Hayes, Herbert Johnson, George R. Ellis, Jr.,* for appellant.

*Smith, Crisp & Hargrove, William E. Smith,* for appellee.