### 4528.  AUGUSTA-AIKEN RAILWAY & ELECTRIC CORPORATION *v.* SIBERT.

1. There was no error in the instructions of the court to which exceptions are taken.
2. The evidence authorized the verdict, and the trial judge did not abuse his discretion in overruling the motion for a new trial.

DECIDED JANUARY 22, 1913.

Action for damages; from city court of Richmond county—Judge W. F. Eve. November 1, 1912.

*Boykin Wright, George T. Jackson,* for plaintiff in error.
*William H. Fleming,* contra.

RUSSELL, J.  The action was for damages on account of injury from a fall in alighting from a street-car. The verdict was against the street-railway company. The only negligence alleged was that the company, suddenly and without warning, started the car while the plaintiff was alighting. The defenses set up were: (1) that the injury was the result of the plaintiff's own negligence; (2) that the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the negligence alleged against the defendant; (3) that the. alleged injury was the result of an accident pure and simple; (4) that the defendant and its servants exercised ordinary care and diligence. It is insisted by counsel for the street-railway company that the overwhelming weight of the credible testimony required a verdict in its favor, and that the preponderance of testimony in its favor is so unequivocal and manifest that the failure of the trial judge to grant a new trial in this case was an abuse of that discretion with which he is charged by law.

This court, being one for the correction of errors of law and equity only, has in no case jurisdiction to declare that a trial judge has abused the discretion lodged in him by law, merely because, seemingly, the preponderance of the evidence is with the losing party. The code itself (§ 5732) declares that the preponderance of the testimony is not necessarily with the greater number of witnesses. In this State the jury is the arbiter of the facts, and though its findings are subject to the supervision of the trial judge, and may be set aside by him in the exercise of that sound discretion with which he is wisely clothed by law (so much so that the first grant of a new trial will not be reversed, unless it appears that the verdict set aside was demanded and that no other verdict could have been legally reached), still this court has no such discretion or function. It has no power whatever to deal with the findings of juries, unless there was no issue of fact, or unless the finding of the jury upon the facts was affected by errors of law in the trial. We agree with the learned counsel for the plaintiff in error to the extent of holding that inasmuch as the trial judge is, in this State, the only repository of that discretion which enables him to set aside a verdict when it is manifestly contrary to the preponderance of the evidence, although supported by some testimony, no trial judge in this State should seek to shun or avoid the exercise of that discretion in a proper case. Ofttimes the exercise of this discretion by the trial judge is the only avenue for the administration of real justice, and it then becomes the most important trust delegated to our judiciary. But the grant to the trial judges of the right to exercise this discretion is exclusive of any such right on the part of the courts of review of Georgia. The Court of Appeals can not set aside a verdict dependent entirely upon a pure issue of fact, if there is any evidence to support it. We do not agree with counsel for the plaintiff in error that the present case furnishes an instance in which it is manifest that the trial judge abused his discretion in not granting a new trial. Nothing is adduced in behalf of this contention except the large number, the high character, and the admitted prominence of witnesses who testified in behalf of the defendant; and these are not facts necessarily to be considered by the trial judge. By our law a supervisory discretion as to contested issues of fact is lodged solely in the trial judge because he has an opportunity

for personal observation of the witnesses, of which the courts of review can not avail themselves. He is at the fountain-head of the stream of testimony. And, of course, without any application of the statement to the case now before us, it is a fact within our common knowledge that he may well be impressed (as the jury itself is very properly affected, and enabled to reach the truth) by the manner, the expression, the very indefinable something about the witness, which bespeaks sincerity and truth, or evidences subtlety, concealment, and falsehood. And yet, in this particular case, granting that the veracity of every witness for the defendant was unquestionable, who but the jury and trial judge can say that the witnesses for the plaintiff—even the plaintiff herself—did not have the better opportunity of knowing exactly what transpired? This court has upheld the trial judge's exercise of his discretion in refusing a new trial when the verdict was supported by the testimony of *only one witness,* and when seven or eight witnesses on the opposite side swore directly to the contrary; sometimes, too, when the verdict rested upon the testimony of one witness, and numbers of witnesses had testified to the bad character of this witness, and that they would not believe him on oath.

The suggestion of counsel, that the failure of a trial judge to wisely exercise his discretion upon evidence of contested issues of fact might be remedied by the presumption that the judge failed to exercise his discretion when he refused to grant a new trial in a case where it is palpable that the verdict is against the preponderance and weight of testimony, can not be considered, if for no other reason than that it is contrary to the presumption (which is essential in every well-ordered community) that every public officer will do his duty. However, in the present case, upon a review of the record, no such presumption could be raised, even if the rule suggested by the counsel were adopted.

In the sixth ground of the amendment of the motion for a new trial it is insisted that the court erred in charging the jury as follows: "Under the law, the defendant railway company is bound to stop its cars at points of destination a reasonable time to enable passengers to get off in safety. If they fail to give them a reasonable time to alight in safety, then they would be guilty of negligence; and if the passenger was injured in attempting to alight, while not being allowed sufficient time, and by the sudden

movement of the car, then the defendant would be liable, and the plaintiff would be entitled to a verdict." This instruction is not subject to the complaint made against it, nor violative of the rulings in *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (40 S. E. 239) ; *Portner Brewing Co.* v. *Cooper,* 116 *Ga.* 171 (42 S. E. 408) ; *City of Rome* v. *Suddeth,* 121 *Ga.* 420 (49 S. E. 300) ; *Augusta Ry. & Elec. Co.* v. *Smith,* 121 *Ga.* 29 (48 S. E. 681) ; *Augusta Ry. & Elec. Co.* v. *Weekly,* 124 *Ga.* 385 (52 S. E. 444) ; nor of the ruling of this court in *Augusta Ry. & Elec. Co.* v. *Lyle,* 4 *Ga. App.* 113 (60 S. E. 1075), stating the well-settled principle that it is error for a trial judge to instruct a jury that certain facts constitute negligence, unless they are such as are by law made negligence per se. In the present case the judge submitted the quality of the defendant's acts entirely to the jury by leaving it to the jury to determine what was a reasonable time for the stoppage of the car in order that a passenger might alight in safety. The judge himself neither stated nor intimated what would constitute a failure to give reasonable time in which a passenger could alight in safety. It is the duty of a carrier to provide means for his passengers to disembark at destination; it is his duty to stop his vehicle and keep it stopped a reasonable time for this purpose. The question as to what was, in the particular case, a reasonable time, was left entirely to the jury.

There is no merit in the contention that the court, in charging the jury that if they were satisfied, from the evidence, that the plaintiff could not, by the exercise of ordinary care and diligence, have avoided the injury to herself, she would be entitled to a verdict, undertook to charge the jury what facts constituted negligence, or that the court, in this instruction, excluded the other defenses set up by the railway company, especially the defense of accident. The language of the instruction itself refutes the suggestion that the court undertook to state the facts constituting negligence; and each of the several defenses of the defendant is so clearly and fully presented in the general charge that the criticism made in this assignment of error appears to be hypercritical. Nothing is better settled than that the court can not remove the injurious effect of an erroneous instruction except by calling the attention of the jury to it, correcting and withdrawing it in terms. The courts have also uniformly held that when the

evidence is conflicting, and one is defending upon several grounds, any one of which may serve to relieve him from liability, the failure to charge upon any one of these defenses requires the grant of a new trial. *Duncan* v. *State*, 1 *Ga. App.* 118 (58 S. E. 248) ; *Atlanta Ry. & Power Co.* v. *Gaston*, 118 *Ga.* 419 (45 S. E. 508). But in the present case the trial judge did not give any incorrect instructions, nor did he omit proper reference to any of the defenses relied upon by the defendant railway company. The true purport of the complaint is, therefore, that the judge, in connection with his instructions as to each of these defenses, did not reiterate his instructions with reference to all of the other defenses. The judge, if he had desired, might have qualified the instruction now before us, by reference to any one or all of the other defenses relied upon by the defendant; but we think the method in which he clearly and distinctly presented each of these defenses was far preferable, and the manner in which all of the defendant's contentions were each separately presented at the conclusion of the charge certainly leaves the plaintiff in error no ground for complaint.

There is no merit in the contention that the defense that the injury was due to accident was permitted to escape the attention of the jury; for the judge referred to it three times; and it must be presumed that a jury of ordinary intelligence would not act upon the supposition that the defendant was liable even though the jury might be satisfied that the injury was the result of an accident, merely because the judge, while discussing the scope of the presumption of negligence, and speaking in relation to another phase of the case, told the jury that if the plaintiff was injured while a passenger, and they were satisfied that she could not, by the exercise of ordinary care and diligence, have avoided the injury to herself, she would be entitled to recover, unless the defendant carrier rebutted the presumption of negligence imposed by law. For this is the plain meaning of the instruction when considered in connection with its context.

The controlling issue of fact in the case was whether the plaintiff's fall occurred after the car had stopped, and was caused by a jerk as the car started, after having stopped for the purpose of allowing her to alight. It seems to us that, assuming the veracity of all of the witnesses, the physical facts support the theory of the plaintiff; and the testimony as to these facts is uncontradicted. As

stated by her counsel, a verdict supported by the direct testimony of four witnesses, and backed up by the old reliable law of gravitation, will not be set aside by this court. From the decision in the case of *Davis* v. *Kirkland*, 1 *Ga. App.* 5 (58 S. E. 209), until the present time, this court has invariably held, as a matter of law, that it will not and can not set aside a verdict supported by evidence and approved by the trial judge, unless some error of law has materially affected the result.          *Judgment affirmed.*