8843. CENTRAL OF GEORGIA RAILWAY CO. *v.* HILL.

1. A special demurrer which is itself vague, uncertain, and indefinite, and does not specifically point out wherein the petition is defective, will not be considered by the court.

2. Where the evidence authorizes a charge on the subject of contributory negligence and apportionment of damages, it is the better practice for the presiding judge to give it, even in the absence of a request.

3. The charge of the court complained of in the second ground of the amendment to the motion for a new trial, upon the ground that the court did not instruct the jury that the jerk must be unusual and unnecessary, is not error, under the particular facts of this case.

4. The instruction of the court on the measure of damages is so incomplete as not to give the jury any rule by which they can calculate the damages, and for that reason is held to be erroneous.

5. The general grounds of the motion for a new trial are not passed upon, since the case is to be remanded for a new trial.

DECIDED NOVEMBER 2, 1917.

Action for damages; from city court of Carrollton—Judge Beall. April 14, 1917.

Hill brought suit against the Central of Georgia Railway Company, claiming damages on account of personal injuries. He alleged that he went to a passenger-train of the defendant for the purpose of assisting his mother-in-law and little grandson on the train; that he went on the train to carry their baggage, by the invitation of the conductor, and that the conductor failed to give him a reasonable time in which to get off the train. His petition as first drawn alleged that when he started to get off the train the conductor hurried him, told him he did not have time to wait, and gave him a shove, and that he fell to the ground from the moving train and was injured. By an amendment he struck the allegation that he was shoved from the train by the conductor, and in lieu thereof he alleged that when he started to get off one end of the car the conductor met him and told him to go to the other end and get off; that he hurried to the rear end of the coach for this purpose; that at this time the train had started off, but he

was not aware of this fact; that he started to get off in the usual way, and by the time that he reached the steps the train started violently forward, and as he started to step off it threw him to the ground, injuring him as aforesaid; that he exercised due care; and that at the time of the jerk that caused him to fall the agent in charge of the train knew that he was in the act of getting off. It was alleged that at the time of the injury he was sixty-seven years of age, and there were allegations as to his life-expectancy, his earning capacity, and the extent of his injuries. The evidence offered by the plaintiff supported the allegations of his petition. He testified that the train, at the time he attempted to get off, was moving at the rate of nine or ten miles an hour. A witness for the plaintiff testified that it was moving fifteen or twenty miles an hour; witnesses for the defendant put the rate of the train at from eight to fifteen miles an hour. The witnesses differed as to the distance the train had run from the station at the time the plaintiff attempted to get off, one witness stating that it had run the length of the train, or 120 feet, and others placing it at 75 to 100 yards. The plaintiff, according to his own testimony, as he was passing through the rear compartment of the coach, heard some man say that the train was moving too fast for that old man to get off. Other witnesses for the defendant, who were passengers on the train at the time, stated that he was warned as he passed through the rear end of the coach that the train was moving too fast for him to get off, and offered to pull it down for him, but that he paid no attention to these warnings, and hurried on to the platform. The plaintiff testified that he was sixty-eight years of age and had been on a train only three times in thirty-five years. The jury found a verdict for the plaintiff, for $1,000. The defendant filed a motion for a new trial, which the court overruled, and it excepted.

*R. D. Jackson & Son, Cleveland & Goodrich,* for plaintiff in error. *J. O. Newell, S. Holderness,* contra.

HARWELL, J. (After stating the foregoing facts.)

1. The defendant company demurred to the amended petition, upon the ground that the petition set forth no cause of action, and upon the further grounds that the petition, as amended, "is ambiguous and duplicitous, and does not set forth the facts upon which the plaintiff relies for recovery plainly, fully, and distinctly,

and does not allege said facts with sufficient clearness to put the defendant on notice of plaintiff's contentions or what plaintiff expects to prove;" also upon the ground that the petition as amended "is vague, uncertain, and indefinite, and the allegations therein are conflicting and contradictory, and do not set forth any cause of action plainly, fully, and distinctly." The court overruled the demurrer, and the defendant excepted. The petition set forth a cause of action, and the court properly overruled the first ground of the demurrer. The special grounds of the demurrer are themselves too general, vague, uncertain, and indefinite to raise any question for decision by the court. The demurrer should have specified wherein the petition was ambiguous, duplicitous, conflicting, or contradictory. *Askew* v. *Thompson,* 129 *Ga.* 325, 328 (58 S. E. 854), and cases cited; *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320 (Fed. Cas. No. 9157).

2. It is insisted in ground 1 of the amendment to the motion for a new trial that the court erred in failing to give in charge to the jury the law of contributory negligence (comparative negligence) and apportionment of damages. This question was not raised by the pleadings, nor was there any written request so to charge. Under the repeated rulings of the Supreme Court, it is not reversible error for the court to fail to give in charge to the jury the law of contributory negligence, and apportionment of damages, where it is not under the contentions of the parties directly involved in the case, and when there is no request to charge upon that subject. *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 424 (60 S. E. 1056). In that case, however, Justice Lumpkin, who delivered the opinion, said: "Where the evidence authorizes a charge on that subject, it is the better practice for the presiding judge to give it." In *Central of Ga. Ry. Co.* v. *Madden,* 135 *Ga.* 206 (69 S. E. 135, 31 L. R. A. (N. S.) 813, 21 Ann. Cas. 1077), it is said: "It is not good practice to omit entirely to give the jury any instruction on the subject of the measure of damages, or the diminution of damages which may result from negligence on the part of the person injured, even in the absence of requests therefor." It would have been better in the instant case for the court to have charged the jury on the subject of contributory negligence and apportionment of damages, though the failure to do so would not alone constitute reversible error.

3. In ground 2 of the amendment to the motion for a new trial the following charge of the court is complained of, to wit: "If he (the plaintiff) was on there at the direction and invitation of the conductor, and the conductor did not give him a reasonable time to depart from the train and leave it, and, when he did attempt to leave, it was not running at a rate of speed that appeared to him was dangerous, if you find that he was a man of reasonable intelligence, had all his faculties, and that when he did undertake to leave the train it was apparently in safe condition at that time, and that when he went to make his step they gave a quick jerk, and jerked him off without any fault of his, why, in that case the plaintiff would be entitled to recover." It is contended that the charge was error because it did not instruct the jury that the jerk must be unusual and unnecessary, in order to render defendant company liable; citing *Augusta Ry. &c. Co.* v. *Lyle,* 4 *Ga. App.* 113 (60 S. E. 1075), as authority. Under the particular facts of the instant case the charge was not erroneous for the reason assigned. It is easily differentiated from the *Lyle* case, supra, and similar cases, as will be seen by examination of the following citations: *Suber* v. *Georgia &c. Railway Co.,* 96 *Ga.* 42 (23 S. E. 387); *West End & Atlanta Street Ry. Co.* v. *Mozely,* 79 *Ga.* 463 (4 S. E. 324); *Augusta-Aiken Ry. Corp.* v. *Sibert,* 12 *Ga. App.* 165, 166 (76 S. E. 1044); *Savannah Electric Co.* v. *Lackens,* 12 *Ga. App.* 769 (2) (79 S. E. 53); *Turley* v. *Atlanta &c. Ry. Co.,* 127 *Ga.* 594 (4), 596 (56 S. E. 748, 8 L. R. A. (N. S.) 695); *W. & A. R. Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933); 3 Thompson on Negligence, 3032, 3522, 3592; 2 White on Personal Injuries, 722; 2 Hutchinson on Carriers, 1111.

4. In ground 3 of the amendment to the motion for a new trial the following charge is assigned as error for various reasons therein stated: "If, under the rules I have given you in charge, you believe that the plaintiff has made a case wherein he ought to recover, then the amount that he could recover would be for whatever injury or damage the jury may think that he has received in consequence of his injury. He sets up that he has ten years yet to live, sets up that he has been able to earn $50 a month. You look to the evidence and see whether that is true. If you find he is entitled to recover in consequence of these injuries, find out how much he was able to earn; find out how much his earning capacity

has been diminished; look to the evidence to find that. He alleges that his earning capacity has been diminished two thirds." It is hardly necessary to cite authorities to sustain the proposition that this charge is reversible error. Nowhere else in the charge does the court instruct the jury on the subject of the measure of damages for physical injuries. The vice of the charge is its incompleteness, its failure to give the jury any rule by which they could calculate the damages. The court should have submitted to the jury the question as to whether or not, in the first place, the injuries complained of were permanent in character, and the number of years that the plaintiff might reasonably be expected to live, and the average yearly amount in which his earnings have been diminished, if diminished at all, by the injury complained of. They should have been instructed that, by multiplying his expectancy—that is, the number of years which they might determine from the evidence that he could reasonably be expected to live—by the average yearly amount in which his earnings have been diminished, they would ascertain the gross amount in which he has been damaged. They should further have been instructed that they should not find this gross amount, but should reduce it to its present value; that is, ascertain what sum, paid in cash, would be a just and legal cash equivalent of this gross amount. The court should have called the attention of the jury to the fact that in the plaintiff's declining years there might be a decrease in his capacity to labor at his calling, and his ability to earn money, and that they should take that into consideration in fixing the amount of any damages which they might find for the plaintiff. As this case is to be tried again, the attention of the court is called to paragraph 12 of the charge suggested by Judge Lumpkin in *Florida Central &c. R. Co.* v. *Burney,* 98 *Ga.* 10 (26 S. E. 730), as a proper instruction in this case. See *Ala. Great So. R. Co.* v. *Brown,* 138 *Ga.* 328, 332 (75 S. E. 330), and cases cited; *W. & A. R. Co.* v. *Roberts,* supra; *Central R. Co.* v. *Thompson,* 76 *Ga.* 772; *W. & A. R. Co.* v. *Moore,* 94 *Ga.* 458 (20 S. E. 640).

5. The able counsel for the plaintiff in error earnestly contended in their brief that the plaintiff was precluded from recovery because of the fact that the train was moving so rapidly that the danger to him in attempting to alight therefrom was so obvious that a prudent man, under similar circumstances, would not have

done so.  It is insisted that this court should determine this question in favor of the plaintiff in error as a matter of law. It is not necessary to review the authorities cited on the subject of negligence in alighting from moving trains, since the case will be tried again, and we express no opinion on the evidence, and do not pass on the general grounds of the motion for a new trial. Since, however, it is a close case, and in view of the error of the court in the charge on the measure of damages, we hold that the court erred in overruling the motion for new trial.

*Judgment reversed.  Broyles, P. J., and Bloodworth, J., concur.*