## 10877.  DAVID v. THE STATE.

LUKE, J.  1. The charge of the court upon the defense of alibi is not subject to the criticism urged against it. It was understandable, not confusing, and correctly charged upon this particular defense.  See *Smith* v. *State,* 3 *Ga. App.* 803 (61 S. E. 737).

2. The evidence for the State, if believed by the jury, demanded the verdict, which has the approval of the trial judge. This court can not set a verdict aside where the jury who sees and hears the witnesses give credit to one version rather than the other. The court did not err in overruling the motion for a new trial.
*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED NOVEMBER 5, 1919.

Indictment for manufacture of intoxicating liquor; from Harris superior court—Judge Howard.  July 26, 1919.

The instructions complained of in the motion for a new trial were as follows: "The burden is on the defendant to establish to the satisfaction of the jury that the alibi is true. If he does, he should be acquitted on this testimony alone. It is not necessary that he establish it beyond a reasonable doubt. If the jurors are not ˜atisfied that an alibi has been established, you should not disregard any testimony introduced to support it, but you should consider this testimony along with the other testimony in the case and the defendant's statement, in arriving at a verdict in the case,

and determine whether the defendant is guilty of any charge beyond a reasonable doubt, or whether he is not guilty, as contended by him." It was contended that "said charge is confusing and misleading," and it "places a burden on the defendant that the law does not impose upon him,—that is of establishing his alibi beyond a reasonable doubt."

*George C. Palmer,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.