M. L. Fells, solicitor-general, R. C. Norman, Alvin G. Golucke, contra.

---

11724.   ELBERTON & EASTERN RAILROAD CO. *v.* NEWSOME.

LUKE, J.   1. Exceptions pendente lite cannot be considered unless error is assigned thereon, either in the main bill of exceptions or in this court by counsel for plaintiff in error, before the argument begins. In the

instant case, there is no assignment of error on the exceptions pendente lite. The ruling complained of, having been made some several months before the bill of exceptions was presented, cannot be considered. See *Shaw* v. *Jones*, 133 *Ga.* 446; *Ponder* v. *State*, 25 *Ga. App.* 768 (105 S. E. 318).

2. Neither the pleadings nor the evidence raised an issue which would authorize the charge (complained of in ground 2 of the amendment to the motion for a new trial) that "the master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency."

3. It was error to charge the jury that if the defendant rebutted the presumption of negligence, "then it would be left entirely to the minds and consciences of enlightened jurors as to whether or not the plaintiff would be entitled to recover in any amount in this case."

4. The charge of the court, as complained of, upon the measure of damages, was erroneous; and in the court's effort to correct the erroneous charge the jury was still left confused as to the method of arriving at the present cash value of his recovery, if he was entitled to recover.

5. There were many inaccuracies in the charge of the court which are not here dealt with, but they are such inaccuracies as will not likely recur upon another trial of the case. It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 9, 1921.

Action for damages; from city court of Washington — Judge Sutton. June 12, 1920.

1. Exceptions pendente lite, assigning error on the refusal to grant a continuance, are specified in the main bill of exceptions and were sent to this court as a part of the record material to an understanding of the errors complained of, and the main bill of exceptions says: " and now comes the defendant and assigns error on said judgment and ruling of the court and says that the court erred in refusing such continuance upon each and every of the grounds set out in the motion for continuance and in said bill of exceptions pendente lite."

2. The action was for damages on account of personal injuries which the plaintiff alleged were received by him while in the employment of the defendant railroad company in the capacity of track supervisor on November 18, 1918. His petition as amended alleges: About 7 o'clock a. m. of said date petitioner was ordered by defendant through its general manager, C. L. Wickersham, to make a trip of inspection over defendant's railroad on a motor-car to safeguard an east-bound passenger-train, because the track was

dangerous and defective; the roadbed being new, wet, and insuffi-
cient to safely carry the trains operated over it at that time. He
responded to the orders of defendant, but objected to making
said trip over said railroad in its dangerous condition, but got up
a crew of five men and the only motor-car available which ap-
peared to be in good and safe condition, but when petitioner had
gone about 6 miles from Washington, and while he was still in
Wilkes county and was traveling at the rate of about 8 or 10
miles an hour, said motor-car mounted the rail to the left, left
the railroad-track, and came to a sudden stop, and threw peti-
tioner in front of the car between the rails on the ties, with sev-
eral of the laborers on top of him. Defendant was negligent in
numerous and divers ways which contributed to the injury of
petitioner, and especially negligent because it furnished petitioner
with a defective and broken motor-car to be used in going over its
railroad. Defendant, through A. C. Pounds, one of its track
foremen, had removed from said motor-car a set of good wheels,
axle, and equipment, and put in their place the defective wheels,
axle, and equipment as aforesaid, and had left said motor-car on
one of its tracks as if in good condition and ready for use, and
said defective condition was so obscure that petitioner could not
discover the defects; and there was no duty of inspection of said
motor-car upon petitioner, and the first knowledge he had of its
defective condition and its insufficiency for use was when it left
the railroad-track and threw him between the rails on the cross-
ties and rails, and injured and damaged him as herein shown.
Defendant was negligent because said motor-car was set up
on a track in position to be operated by defendant through its
servants (named) while it had under it a defective wheel, spindle,
and axle, and allowed it to be used with several rollers lost or re-
moved from the journal of said car, which was a latent defect
known to defendant, or which should have been known to defend-
ant by inspection, but which was unknown to petitioner, and there
was no duty upon petitioner to know of said latent defect.

In ground 2 of the amendment to the motion for a new trial
it is alleged that in charging the jury that "the master is bound
to exercise ordinary care in the selection of servants, and not to
retain them after knowledge of incompetency," the court erred,
because "there is no evidence in the record to which to apply said

charge, there is no evidence in the record of any incompetent servant being employed by this defendant, nor that any such servant was retained in its employ after knowledge of his incompetency came to this defendant."

3. The instruction set out in division 3 of the decision is alleged to be error, "(1) because it was an expression of opinion on the part of the court as to what had or had not been proved on the trial of said case; (2) because, the case on trial being an action for damages by an employee of this defendant, no presumption arises or could arise, under the facts of this case, against this defendant as a matter of law; and (3) because, if a presumption had arisen or a presumption did arise at any time during the progress of the trial, against this defendant, and such presumption was rebutted, the duty of the jury would have been to find a verdict for the defendant, and, with such presumption rebutted, the question whether the plaintiff was entitled to recover any amount would not be left to the minds and consciences of enlightened jurors, but they should have been instructed to return a verdict for the defendant, under those circumstances."

4. The amount of the damages awarded against the defendant was $17,500. Upon the mode of arriving at the damages the court, in charging the jury, gave the following instructions, complained of in grounds 7, 8, 9, and 11 of the motion for a new trial:

(7) " That will be a question for you to arrive at, as to what the plaintiff's expectancy will be, taking into consideration his age and manner of living, his present health, his increase in wages or decrease in wages, the reduction of his earning capacity, or any other matter satisfactory to yourselves, taking into consideration these rules of law which I have given you in charge and the evidence given you as to whether his wages might be increased by his increased ability, in determining what the plaintiff's loss under this item of damages would be — that is, lost earning capacity, past, present, and future." It is alleged that this was error because as applied to the facts of the case it was confusing, and it did not give any rule or direction by which to arrive at the plaintiff's expectancy, or on which to apply the testimony to arrive at a definite sum to measure the damage arising from lost earning capacity.

(8) " When you arrive at the number of years he would be entitled to live, and when you determine the wages or earning capacity of the plaintiff in the case, then you would multiply the number of years of the plaintiff's expectancy by his earning capacity, using any method suitable to yourselves, and figuring on a basis of 7 per cent. interest; and in this manner you would arrive at a lump sum, which would be the item of damages caused by the lost earning capacity, past, present, and future." This is alleged to be error for the following reasons: it was confusing; it did not give any rule for arriving at the present value of the plaintiff's earnings during the period of his expectancy; the words, " and figuring on a basis of 7 per cent. interest," tended to impress the jury with the idea that the correct rule for arriving at the amount of loss to the plaintiff by reason of his lost earning capacity was to multiply the number of years of his expectancy by his annual or other earnings and then add to that sum interest at the rate of 7 per cent.; as applied to this case it did not give any rule by which to measure the damage caused by lost earning capacity arising out of the injury; the words, " using any method suitable to yourselves," tended to impress the jury with the idea that any sum they might arrive at in any way they might conclude to figure, whether the method was legal or illegal, would produce a verdict which was legal and proper.

(9) "In any event you will not reach separate items of damages, but you will take into consideration the previous item of pain and suffering, present, past, and future, and combine the two items, and in the event you do find for the plaintiff, combining your computations on the basis of 7 per cent. interest, you would render your verdict for one lump sum, which would cover the entire damages in the case." This is alleged to be error because, from the words, "combining your computations on a basis of 7 per cent. interest," the jury were left to infer that when they had arrived at an amount as to any item of damages, they might add to it interest at 7 per cent.; and this charge tended to impress on their minds the idea that they should calculate interest at 7 per cent. on the annual earnings of the plaintiff or such other sum as they might determine as a means of arriving at the amount of damages for which they might return a verdict.

(11) "I charge you that in computing the items of damages

in this case, past, present, and future damages, you can use any method practicable to yourselves, figure it on an interest basis of 7 per cent., and reduce the damages to a present cash value." This is alleged to be error because the court did not in this part of the charge or elsewhere give to the jury any correct rule for determining the correct measure of damages by reason of lost earning capacity, or direct them how to arrive at the present value of the plaintiff's life, or the present value of his lost earning capacity, and because the words, "figure it on an interest basis of 7 per cent.," tendered to impress on the jury the idea that they might be allowed to multiply the plaintiff's expectancy by his annual earnings and add to that sum interest at the rate of 7 per cent. as a means of arriving at the damages by reason of lost earning capacity.

*Callaway & Howard, W. A. Slaton,* for plaintiff in error.
*Hill & Adams, L. D. McGregor,* contra.