31504. BROCK *et al. v.* CATO.

Decided February 28, 1947. Rehearing denied April 1, 1947.

*William P. Whelchel,* for plaintiffs in error.

*Kenyon, Kenyon & Gunter,* contra.

FELTON, J. ■ Ground 4 of the amended motion for a new

trial is not meritorious. While it would have been, no doubt, more appropriate and fitting for the court, in explaining to the jury for the purpose of the bond which the motor carriers in this State are required to file with the Public Service Commission under Code, § 68-612, to point out in terms of the statute that the bond is filed for the protection of the public against injury "proximately caused by the negligence of such motor carrier, its servants or agents," the court at this point was merely explaining the presence of Maryland Casualty Company in the case; and the charge, taken as a whole, did not tend to confuse the jury or compel a verdict in favor of the plaintiff by reason of this charge excluding from the consideration of the jury the questions of whether the defendant was negligent or not, or whether if negligent such negligence was the proximate cause of the plaintiff's injuries. The judge charged: "Gentlemen, I will charge you that under the laws of Georgia that a motor carrier to operate on the highways of this State, hauling passengers or property for hire, that it is necessary before they operate as such that they qualify with the Public Service Commission to pay any damages to any person or persons that they may cause any damage to on the highway, and in this particular case the plaintiff in the case is covered by that. They have put up that bond of insurance down there and Maryland Casualty Company is surety on the bond, and that is the reason Maryland Casualty Company is shown as a defendant in this case; and in the event you find from the evidence and the laws I will give you in charge that the defendant, Glenn Brock, doing business as Northern Freight Lines, is responsible for this damage, you will also find a verdict against the defendant, Maryland Casualty Company." Elsewhere in the charge the judge explained to the jury that in order for the plaintiff to recover the jury would have to find that the defendant was negligent, and if negligent, such negligence, in order to make the defendant liable, would have to be one or more of the acts of negligence charged in the petition. In view of that explanation and the language quoted above from the charge where it is said, and "in the event you find from the evidence and the laws I will give you in charge . . that the defendant . . is responsible for this damage, you will also find a verdict against the defendant, Maryland Casualty Company," we think that the jury clearly understood that the plaintiff could recover only if the de-

fendants were "responsible," that is to say liable under the law, for the damage done, and they would be liable only if Brock was guilty, under the evidence, of one or more of the acts of negligence charged in the petition, and such negligence was the proximate cause of the injury and damage sustained by the plaintiff.

■ The criticism leveled at the charge complained of in special ground 5 is that, as given, the charge failed to explain to, elaborate for, or instruct the jury how and in what manner a calculation should be made, based on age, life expectancy, and physical condition of the plaintiff, in arriving at a verdict for pain and suffering, and gave no legal basis upon which to arrive at a verdict, which confused and misled the jury. The decisions of this court and of the Supreme Court have firmly established the principle that the trial judge is not required to attempt to explain to the jury the degree of certainty of future pain and suffering necessary to justify the jury in including an award therefor in their verdict; and the decisions have repeatedly held that the law furnishes no standard for measuring damages for pain and suffering, either past or future, but this is a matter left to the enlightened conscience of an impartial jury, because it is impossible, mathematically, to compute in dollars and cents the amount of pain and suffering endured. *Atlanta & W. P. R. Co.* v. *Johnson,* 66 *Ga.* 259; *Jackson* v. *Merritt Hardware Co.,* 26 *Ga. App.* 747 (107 S. E. 394); *Louisville & Nashville R. Co.* v. *Maffett,* 36 *Ga. App.* 513 (137 S. E. 404); *Western & Atlantic R. Co.* v. *Dobbs,* 36 *Ga. App.* 516 (137 S. E. 407); *Georgia Power Co.* v. *Woodall,* 43 *Ga. App.* 173 (158 S. E. 367); *Linder* v. *Brown,* 137 *Ga.* 352 (73 S. E. 734); *Betts Co.* v. *Hancock,* 139 *Ga.* 198 (77 S. E. 77). In *Augusta & Summerville R. Co.* v. *Randall,* 85 *Ga.* 297 (11 S. E. 706), which the court held to be a suit for nothing more than for personal injuries and pain and suffering, the trial court charged on the subject of damages that "the law lays down a rule, and it is this: it says in cases of this kind, damages must be assessed according to the enlightened consciences of impartial jurors." Error was assigned upon that charge because the plaintiffs had not introduced the mortality tables or other evidence showing the permanency of the injury and the duration of life of the plaintiff; and the charge gave no direction as to how the jury's conscience was "to be enlightened." The Supreme Court held that there was no error in the charge. See

also, in this connection, *Pidcock* v. *West,* 24 *Ga. App.* 785, 788 (5) (102 S. E. 360) ; *Western & Atlantic R. Co.* v. *Dobbs,* supra.   The cases of *Elberton & Eastern Ry. Co.* v. *Newsome,* 26 *Ga. App.* 439 (106 S. E. 736), and *Central of Georgia Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (94 S. E. 50), cited by the defendants, are clearly distinguishable from the present case.   The charge in the *Hill* case was held to be erroneous for failure to give the jury any rule by which to calculate the damages.   The damage under consideration was a special damage, diminished earning capacity, for which the law establishes rules to be followed in arriving at the sum to be awarded for such damage.   The charge in the *Newsome* case was held to have confused the jury as to the method of arriving at the present cash value of the recovery.   It follows from what has been here ruled that special ground 5 is without merit.

■ Error is assigned in special ground 6 on the refusal of the court to give the following requested charge : "If you believe from the evidence in this case that the plaintiff's automobile was completely destroyed, then the measure of damages is the difference between the fair market value of the car immediately before and immediately after the injury.   If you believe from the evidence that the automobile of plaintiff was only partially damaged, then the measure of damages is the reasonable cost of repairs."   The evidence reveals that the automobile was not completely destroyed, but could have been repaired, though it had not been, at a cost of approximately $533.   The court gave the following charge as to the measure of damages for the injury to the automobile : "You have the right to take all of the evidence as to the value of the automobile and arrive at what you think the reasonable market value was before the wreck and what it was immediately after the wreck, and when you have arrived at those two figures, whatever the difference is, is the damage this plaintiff is entitled to recover. I give you this in charge : That the market value is the value at what a seller who is willing to sell but not compelled to sell to a buyer who is willing to buy but not compelled to buy.   Now, gentlemen, that value will be figured as of the date of the wreck on August 24, 1945."   The charge on the measure of damages in this action as to the alleged negligent injury to the plaintiff's automobile was a correct statement of the law and was adjusted to the evidence.   *Mitchell* v. *Mullen,* 45 *Ga. App.* 282 (164 S. E. 276) ;

*Douglas* v. *Prescott,* 31 *Ga. App.* 684 (121 S. E. 689); *Olliff* v. *Howard,* 33 *Ga. App.* 778 (127 S. E. 821); *National-Ben Franklin Fire Insurance Co.* v. *Darby,* 48 *Ga. App.* 394 (172 S. E. 74, 819). And the court did not err in refusing the request of the defendants, which was not a correct statement of the law as to the measure of damages for injury to an automobile, under the facts of this case.

■ The Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944 (50 U. S. C. A. Appendix, §§ 901 et seq.), being in derogation of the common law and perforce strictly construed, has for its purpose the control and prevention of the evil of inflation through its supervision and control over the sale of goods and merchandise by the establishment of "ceiling prices." The act contains no provision concerning the measure of damages in an action for the tortious destruction or damage to property; and, in the absence of such provision, the rules of force in this State as to the measure of damages for the tortious injury to property still obtain, and the amount of a recovery in such an action is in no way controlled by the "ceiling prices" established under the act. The act was, therefore, in no way applicable to this present case, and special grounds 7 and 8 are not meritorious. See *Southern Railway Co.* v. *Farmer,* 74 *Ga. App.* 329 (39 S. E. 2d, 714); *General Exchange Insurance Corp.* v. *Tierney,* 152 Fed. 2d, 224.

■ Special ground 9 complains of the refusal of the court to permit the plaintiff to answer the following question, "You have an accident and health insurance policy?" It is the contention of the defendants that, had the plaintiff been permitted to reply, his answer would have been in the affirmative and that he would have testified that he had not made a claim for personal injury under the policy as his injury did not amount to anything. "In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear: (a) That a pertinent question was asked. (b) That the court ruled out the answer. (c) That a statement was made to the court at the time the question was asked, showing what the answer would be. (d) That the testimony was material. (e) That it would have benefited the complaining party. *Griffin* v. *Henderson,* 117 *Ga.* 382 (43 S. E. 712). An exception to the foregoing rule (or rules) may, in some cases, be made as to

answers excluded on cross-examination, where the party is entitled to sift and test a witness, or may not know what the answer would be. *Griffin* v. *Henderson,* supra; *Tillman* v. *Bomar,* 134 *Ga.* 660 (68 S. E. 504). 'The rule requiring the assignment of error to show what answer was expected, the materiality of the excluded evidence, and that the judge was informed thereof at the time of the ruling, does not apply to the examination of hostile witnesses, or to pertinent questions on cross-examination, where the party making the inquiry can not be expected to know what the witness would testify.' *Bell* v. *Felt,* 119 *Ga.* 498 (46 S. E. 642)." *Trammell* v. *Shirley,* 38 *Ga. App.* 710 (145 S. E. 486). Aside from the recovery sought for damage to the automobile, the plaintiff sought damages for personal injuries and the alleged resulting pain and suffering. In order to defeat or mitigate the recovery for these elements, it was incumbent upon the defendant to show, as he contended, that the plaintiff's injury, if he was injured at all, was inconsequential and such as would likely not result in the pain and suffering which the plaintiff claimed. The plaintiff had testified as to his injuries, pain, and suffering, and while he was still on the stand, the counsel for the defendants sought, through cross-examination, to elicit evidence in rebuttal from the plaintiff himself. The question and answer which the court excluded, taken alone, would seem to be irrelevant, but the right to cross-examine the opposite party is very broad, and much latitude should be allowed the counsel to subject the witness, particularly if he is the opposite party himself, to a thorough and sifting examination; and the court should not preclude the defendant from eliciting such evidence as would authorize the jury to find in favor of, or more favorably for the defendant; and, viewed in the light of the course which the counsel for the defendants was pursuing in attempting to show that the plaintiff's injury was inconsequential, the question and answer may well have been the foundation for other evidence (which the counsel for the defendant says in his motion would have been introduced), which may well have cast serious doubt upon the plaintiff's credibility, and resulted in a different verdict from that which was rendered, in the absence of the testimony concerning the insurance policy and whether or not the plaintiff had filed any claim thereunder. See *Cohen* v. *Cohen,* 196 *Ga.* 562 (27 S. E. 2d, 28) ; *McKoy* v. *Enterkin,* 181 *Ga.* 447 (182

S. E. 518); *Williamson, Inman & Co.* v. *Thompson,* 50 *Ga. App.* 564 (179 S. E. 289); *Gilpin* v. *State Highway Board,* 39 *Ga. App.* 238 (146 S. E. 651). Accordingly, the court erred in refusing to permit the counsel for the defendant to question the plaintiff in regard to the health and accident insurance policy, and whether or not he had made any claim thereunder, as it can not be assumed that, had counsel shown that the plaintiff held such a policy, he could not have gone further and shown that the policy covered such an accident as was involved in the case, and that the plaintiff had made no claim under the policy due to the inconsequential nature of the injury sustained.

■ In view of what has been said in the foregoing division of the opinion, it is unnecessary at this time to pass upon the general grounds and other special grounds of the motion for new trial.

For the reasons assigned in division 5 of the opinion, the court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*