## 32718. ROBERTS *v.* McCLELLAN.

Decided October 18, 1949.

202

E. O. Blalock, A. B. Spence, for plaintiff in error.

Gibson & Maddox, J. R. Walker Jr., contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Ground 1 of the amended motion for a new trial contends that the trial court erred in failing to charge without request as to the defense of alibi. This defense was not specially pleaded. It is a well-settled principle of law that failure to charge this defense in a criminal case is error, even in the absence of request, when the alibi is the only defense and is sustained by testimony. See *Riggs* v. *State,* 31 *Ga. App.* 568 (121 S. E. 142). In *Doe* v. *Stevens,* 36 *Ga.* 463 (5) it is held that alibi is a proper defense in a civil case. However, alibi as a defense in a criminal case and as a defense in a civil case differs in the following particulars: (1) the defense of alibi in criminal cases is provided for by statute. See Code § 38-122. No statutory provision is made for the defense of alibi in civil cases. (2) In criminal cases the burden of proof is on the State to establish every material allegation contained in the indictment or accusation to a moral and reasonable certainty and beyond a reasonable doubt, and, while the burden of proof is on the defendant to establish to the satisfaction of the jury that his alibi is true, and that if he does so he should be acquitted on this testimony alone (see *Porter* v. *State,* 200 *Ga.* 246, 254, 36 S. E. 2d, 794), it is not necessary that he establish his alibi beyond a reasonable doubt, and if the jurors are not satisfied that the alibi has been established, the jury should not disregard the testimony supporting it, but should consider such testimony along with other testimony and the defendant's testimony in arriving at the verdict and, considering all the evidence, determine whether or not the defendant is guilty beyond a reasonable doubt. See *David* v. *State,* 24 *Ga. App.* 369 (1) (100 S. E. 763).

In civil cases the burden is on the plaintiff to prove his right to recovery by a preponderance of all the evidence, both that introduced by the plaintiff and that introduced by the defendant. It follows that the various degrees of mental conviction required in criminal cases fixing the burden on the State in the first instance at one degree, shifting it to the defendant later at a different degree, and considering the testimony as a whole in determining whether or not the burden was carried by the State as first fixed, becomes so involved that a jury would have difficulty in properly applying these rules without specific instructions by the court, even in the absence of request. In view of the facts that the defense of alibi was not specifically pleaded, is not a statutory defense in civil cases, and the rules of evidence are not subject to the same varied measure of mental conviction as in criminal cases, the trial court did not err in failing, without request, to charge the defense of alibi. The court charged fully to the effect that the burden of proof was on the plaintiff to prove his right to recovery by a preponderance of the evidence.

■ Ground 2 of the amended motion for a new trial contends that the trial court erred in failing to charge principles of law substantially as follows: "Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money"; also, "damages may be either general or special, direct or consequential"; and also, "general damages are such as the law presumes to flow from any tortious act and may be recovered without proof of any amount; special damages are such as actually flowed from the act and must be proved in order to be recovered."

Special ground 3 of the amended motion for a new trial contends that the trial court erred in recharging the jury under circumstances as follows: After argument of counsel and the charge of the court, the jury retired and deliberated approximately two hours. They then returned to the jury box and the following colloquy took place between the foreman of the jury and the court: The Court, "What do you want, gentlemen?" The foreman, "Your honor, we want to know whether we are trying Mr. Roberts for shooting Mr. McClellan or whether

we are trying him for damages." The Court, "You are trying him for damages." This is alleged to be error in view of the court's failure to charge as complained of in special ground 2, it being contended that this colloquy between the court and the foreman of the jury evidenced the fact that the jury did not understand what they were trying, but would have understood had the court charged as set out.

Special ground 4 contends that the court erred in charging as follows: "Another item of damages that is recoverable on account of personal injuries where there is liability is damages on account of pain and suffering, mental and physical, reasonably and proximately resulting from such injuries. There is no mathematical rule by which such damages may be ascertained or determined. The only rule recognized by law for determining such damages is the enlightened conscience of fair and imparital jurors. Another item of damages that is recoverable where there is liability on account of injuries to the person is the reasonable value of reasonable medical services incurred on account of such injuries, including doctor and hospital bills. What would be reasonable medical services and reasonable value of the same would be a question for the jury to determine."

Special ground 5 of the amended motion contends that the trial court erred in failing to charge the law as to the recovery of special damages substantially as follows: "General damages are such as the law presumes to flow from any tortious act and may be recovered without proof of any amount; special damages are such as actually flowed from the act and must be proved in order to be recovered."

The complaints regarding the charges relative to the measure of damages are based primarily upon the contention that, under the charge as given, the jury was confused as to the various elements of damage, and might not have distinguished between general and special damages, but might have believed that the entire question should be decided in accordance with their enlightened conscience and without regard to the evidence. That the jury was not so confused is shown by the fact that the verdict was itemized in the figure of $1,641.42 for medical expenses, the exact amount pleaded and proved. The remaining

$12,500 could only have included the elements of pain and suffering, loss of earnings to the date of the trial, and diminution of earning capacity. Other charges were given on these subjects. It does not appear, therefore, that the jury was uninstructed upon these points. The various elements of damage were not so presented in *Southern Grocery Stores* v. *Smith*, 59 *Ga. App.* 631 (1 S. E. 2d, 762), and other cases cited by counsel for the defendant.

The court, in answering the question of the jury foreman, did not express an opinion as to the merits of the case, but merely indicated to the jury that it was of a civil rather than a criminal nature. These assignments of error are without merit.

■ The exception in special ground 6 is to the omission of the words "under the rules of law I have given you" in the court's charge as to the form of any verdict for the plaintiff. The next sentence of this charge was, "If the jury should find the plaintiff is not entitled to recover under the rules of law I have given you in charge, the form of your verdict would be, 'We, the jury, find in favor of the defendant.'" Considering this portion of the charge as a whole, it does not appear that the jury could have been reasonably influenced thereby to believe that the rules of law given in charge applied only to the defendant, and did not apply to the plaintiff, as is contended. It is not necessary, in considering a charge, to strain its reasonable intendment by problematical adverse constructions, but if it is sufficiently clear to be understood by jurors of ordinary capacity and understanding, this is all that is required. *Georgia Railroad* v. *Thomas*, 73 *Ga.* 350, 356. Ground 6 is without merit.

■ Ground 7 contends that the court, in reviewing the pleadings and in stating that "the defendant . . denies he is the man that inflicted the injuries" expressed an opinion that injuries had been inflicted. Even should this be construed as the expression of such an opinion, the evidence as to the injuries was conclusive and undisputed, and the movant could not have been harmed thereby. Ground 7 of the amended motion is also without merit.

■ It is contended by ground 8 (a) that the judge limited the method by which the jury should reduce lost future earnings to present value, (b) that his charge assumed that the movant

was liable for any injury sustained, (c) that he failed to charge that the jury should also take into consideration, in fixing such loss, any diminution in the plaintiff's capacity to earn money caused by declining years and other contingencies, and (d) failed to submit to the jury the question of whether the injuries complained of were permanent. By ground 10 it is contended that the verdict was so excessive as to show bias and prejudice.

■ The court charged that "if" the jury should find the plaintiff suffered injury to his person, it should determine the extent and reasonable value thereof, and reduce that to its present cash value. It then, by way of illustration, stated that $100 due two years hence would be worth "that sum which, when you add interest at 7% per annum for two years, would make $100," and added, "that is the method by which unearned earnings extending into the future may be reduced to their present value." This charge correctly stated the rule of law that damages because of future impairment must be reduced to their present cash value, illustrated that rule of law, and did not put any limitation upon the jury as to their method of arriving at the correct figure in money damages which is not inherent within the rule itself. It was stated in *Central of Georgia Ry. Co.* v. *Dumas*, 44 *Ga. App.* 152 (13) (160 S. E. 814), that "A correct statement in the charge to the jury is not erroneous because the court failed in the same connection to give other appropriate instructions" and, similarly, a correct charge is not erroneous because illustrative material is added thereto, where such illustrative material does not otherwise confuse or mislead the jury.

■ As stated above, the court predicated its charge upon the condition precedent that "if" the jury should find as therein set out, it should do certain things. This was not an expression of opinion by the court as to what the jury was required to find.

■ The court failed to charge that, in reducing future earnings to their present cash value, the jury should consider that diminution which might be caused by declining years, illness, unemployment or other contingencies. Such an omission, when charging the measure of damages for permanent disability, has frequently been held to be error. See *Elberton & Eastern R. Co.* v. *Newsome,* 26 *Ga. App.* 438 (4) (106 S. E. 736) ; *Tennessee,*

*Alabama & Ga. R.* v. *Neely,* 25 *Ga. App.* 310 (1) (103 S. E. 177); *Central R. & Bkg. Co.* v. *Dottenheim,* 92 *Ga.* 425 (5) (17 S. E. 662); *Louisville & Nashville R. Co.* v. *Trout,* 138 *Ga.* 324 (75 S. E. 328); *Western & Atlantic R. Co.* v. *Roberts,* 144 *Ga.* 250 (8) (86 S. E. 933). In most of these cases, the court undertook to charge in detail upon the question of lifelong disability, the use of mortality tables, etc. As pointed out in subdivision 5 (d) of this opinion, infra, that portion of the charge relating to lost future earnings was general in character, and no request for a more detailed charge on permanent disability was made by either the plaintiff or the defendant.

This court feels, however, that, whatever the general rule of law may be on this subject, this case should be controlled by *Mayor &c. of Griffin* v. *Johnson,* 84 *Ga.* 279 (5) (10 S. E. 719), wherein it was held: "Failure to charge, as to the measure of damages, that the jury should consider plaintiff's declining years, and the apparent decrease year by year of his capacity to labor, was no hurt to the defendant where the verdict was as small as it could rightfully have been had such charge been given."

The jury might have found from the evidence that the defendant was not the man who erected a barricade against the plaintiff, ambushed and shot him, caused him to suffer excruciating agony, extended illness, two serious operations, the removal of a kidney, injury to his liver, intestines and other organs, and a permanent physical disability. Had they so found, they were authorized to return a verdict in his favor, and he would have been liable in no amount whatever. However, having determined that he was in fact the perpetrator of the tort, and taking into account the extent of the injuries, his earning capacity of about $4,000 per year, his life expectancy of almost 30 years, and the suffering he must unquestionably have had, and will continue to have, together with lack of extenuating circumstances, since none appear from the record, and the fact that no provocation or contributory negligence was shown, the verdict of $12,500 plus the special damages would appear no larger than it should rightfully have been in any case. The jury might, had it seen fit, have awarded a sum almost double this figure for the permanent impairment of earning capacity alone, and in addition, might have awarded any sum not more than the

$10,000 asked for pain and suffering, as well as other sums for loss of earnings to the time of the trial. This being so, and the jury having determined the issue of liability against the defendant, the amount of the verdict would appear to be no more than it should rightfully have been. See also *Rome & Carrollton Construction Co.* v. *Jennings,* 85 *Ga.* 444 (11 S. E. 839), where it was held: "Though the true measure of damages may not have been given in charge, no new trial is required if the verdict does not exceed the amount of damages which should have been found had the charge been correct."

In regard to permanent disability, the court charged only: "If the jury should find that the plaintiff suffered injury to his person such as incapacitated or reduced his earning capacity for a time extending into the future, the jury would determine the extent of the diminution of his capacity to earn money, or how long a time that loss or diminution will continue, and the reasonable value of such lost earnings." This was followed by the charge relative to the reduction of such sums to their present cash value. It stated a correct principle of law and, had a more detailed charge on the question of whether or not the injuries suffered were permanent in character been desired, a request for such charge should have been made.

The charge of the court was not error for any reason assigned in ground 8 of the amended motion for a new trial.

The amount of the verdict was reasonable and did not, under all the circumstances, indicate prejudice or bias on the part of the juries. *Central of Ga. Ry. Co.* v. *Clark,* 15 *Ga. App.* 16 (1) (82 S. E. 600); *Terry Shipbuilding Co.* v. *O'Dell,* 26 *Ga. App.* 102 (5) (105 S. E. 864); *Callaway* v. *Pickard,* 68 *Ga. App.* 637 (9) (23 S. E. 2d, 564). Ground 10 is also without merit.

The errors alleged in ground 9 are directed against the charge as a whole and have been dealt with elsewhere in this opinion.

The verdict is supported by the evidence and has the approval of the trial judge. It therefore will not be disturbed by this court.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*