## 32643.   CARITHERS *v.* MADDOX.

DECIDED OCTOBER 21, 1949.

*W. Owen Slate, Charles W. Bergman,* for plaintiff in error.
*Rache Bell,* contra.

WORRILL, J.   This is the second appearance of this case in this court. For a statement of the facts relating to the case, see *Maddox* v. *Carithers,* 77 *Ga. App.* 280 (47 S. E. 2d, 888). Under the ruling made there the only issue before the court below upon a retrial of the case was the market value of the automobile in question at the time of the conversion. Upon the second trial the court rendered a judgment for the plaintiff for $912. The exception here is to the overruling of the defendant's motion for new trial.

1. The exception to the overruling of a motion to grant a nonsuit is not a valid assignment of error in a motion for a new trial and will not be considered by this court. *Don* v. *Don,* 163 *Ga.* 31 (3) (135 S. E. 409); *Dickson* v. *Citizens Bank & Trust Co.,* 184 *Ga.* 398 (8) (191 S. E. 379); *Gibson* v. *Mason,* 31 *Ga.* App. 584 (1) (121 S. E. 584); *Willis* v. *Seiberling Rubber Co.,* 44 *Ga. App.* 468 (8) (161 S. E. 789).

2. The second special ground of the motion assigns error because the court refused to allow the defendant to answer the following question: "How did you get this automobile from her?" The exclusion of this testimony was not error for any of the reasons assigned. The defendant's showing in regard to this ground was that he would testify that he got the automobile from the plaintiff in a separation agreement between the parties entered into before the institution of the divorce case. This showing fails to sustain the claim of the defendant that this testimony was material to the issue before the trial court. Prior adjudications of the Supreme Court (*Carithers* v. *Carithers,* 202 *Ga.* 596, 43 S. E. 2d, 503) and of this court (*Maddox* v. *Carithers,* supra) had established title to the automobile in the plaintiff, and her right to recover in a trover action, and we fail to see how it can be asserted that any transaction prior to the rendi-

tion of those judgments could have been material in the case as it stood before the trial court.

3. The third special ground of the motion complains because the court refused to permit the defendant to introduce in evidence a bill of sale to the automobile from the plaintiff to him. The exhibits in the record show that this bill of sale was executed prior to the rendition of the decree in the divorce case which adjudicated that the title to the automobile was in the plaintiff. This ground of the motion is without merit for the same reasons set forth in the preceding division of this opinion.

4. Special ground 4 of the amended motion for new trial is merely an elaboration of the general grounds of the motion and will be considered with the general grounds.

5. The final special ground of the motion for new trial assigns error because the trial judge entered a judgment for an amount in excess of the O. P. A. ceiling price of the automobile at the time of the conversion. Conversion is a tort for which the action of trover is maintainable. Home v. Kramer, 7 Cal. 2d, 361 (60 Pac. 2d, 854) ; General Motors Acceptance Corp. v. Hanahan, 146 S. C. 257 (143 S. E. 820) ; Reef v. Hamblen, (Tex. Civ. App.), 47 S. W. 2d, 375; Code, Ch. 107-1. Under this principle of law and the rulings in *Southern Railway Co.* v. *Farmer,* 74 *Ga. App.* 329 (39 S. E. 2d, 714) ; and *Brock* v. *Cato,* 75 *Ga. App.* 79 (4) (42 S. E. 2d, 174), this ground of the motion for new trial is without merit.

6. Under the general grounds of the motion for new trial and the 7th ground of the motion as amended, the plaintiff in error raises the question as to whether there was evidence to support a finding in favor of the plaintiff in the amount of $912. One witness for the plaintiff testified that he was familiar with the used automobile business in Atlanta, that he had examined the plaintiff's automobile on several occasions prior to the date of the conversion, and that, in his opinion, the automobile was reasonably worth $1100. We think that this evidence, taken in connection with other evidence that the automobile was of a lesser value, was sufficient to authorize the judge, sitting as a trior of the facts, to find that the value of the automobile at the time of the conversion was $912, and to enter judgment for the plaintiff in that amount.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*